98   585
108   40

Michael Nagle v. Bruce Fulmer, Appellant.

**Evidence:** ADMISSIBILITY AND WEIGHT: *Court and jury.* On the issue of whether there was a settlement between the parties, an exhibit bearing figures which plaintiff testifies were made by defendant at the time of settlement, and which indicated the amount of defendant's indebtedness, was admissible, though denied by defendant; the weight of the evidence being for the jury.

**Harmless error.** Possible error in the introduction of evidence is without prejudice where another witness has testified to the same facts, without objection.

**Testimony elicited by a part:** *Striking out.* A party cannot complain of evidence elicited by him, especially when the answer is not specifically objected to, and when the motion to strike out assigns no reason.

**Appeal:** NO RULING BELOW. Where the record discloses no ruling on a party's objection to the introduction of testimony, an exception thereto cannot be considered, even, if one could be taken.

*Appeal from Lyon District Court.*—Hon. Scott M. Ladd, Judge.

Tuesday, May 26, 1896.

Action at law to recover compensation for work and labor performed. The defendant pleaded a settlement and payment. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*E. C. Roach* for appellant.

*McMillan & Dunlap* and *Parsons & Van Wagenen* for appellee.

Deemer, J.—The parties agree that the plaintiff worked for the defendant from the first of March to the twenty-ninth day of November, 1893,—in all about

nine months,—at the rate of fourteen dollars per month from March first to March thirteenth, and for the remainder of the time, at the rate of thirty dollars per month. It is also agreed between them that shortly after the plaintiff quit work a settlement was had, and it was found that there was due the plaintiff the sum of one hundred and eighty-nine dollars and fifty cents, and that of this amount, sixty-three dollars and forty-five cents was paid to plaintiff. The defendant claims that at the time of the settlement he paid plaintiff one hundred and twenty-six dollars, and that he afterwards paid, by check, the balance of the agreed sum. The plaintiff denies the payment of the one hundred and twenty-six dolllars, and the issue thus tendered is the one on which the case was tried. The jury found for the plaintiff, and judgment was rendered in his favor for the sum of one hundred and twenty-six dollars, with interest. The appeal involves a determination of the correctness of some of the rulings of the trial court, on the admission and rejection of evidence. It is contended that the court was in error in allowing the plaintiff to testify that about the time he went away from defendant's place "somebody was running there every day for their money, and he (defendant) wouldn't give it to him." Turning to the record, we discover that this matter was brought out by defendant's counsel in the cross-examination of the plaintiff, the following being an exact reproduction of the transcript with reference to the matter: "Had a talk with him about my wages before I went away in the barn in the forenoon on the day I left. No one heard us. Q. What was the talk? A. Well, I told him I was wanting my wages right along and wanted to quit him. There was somebody running there every day for their money, and he wouldn't give it to him. Mr. Roach: You needn't tell anything

about what anybody else is doing; just between you and him. (Defendant moves to strike the answer of the witness as to what others had been trying to do with Mr. Fulmer.) Mr. Parsons: I don't understand it is what others have been trying to do. He said he told him that others had been there trying to get their pay. A. Yes, that is what I said. The Court: Motion overruled. (Exception.) I told him people were coming there for money every day." It is manifest that there was no error in the rulings of the court. Appellant asked the question which called forth the answer of which he now complains. It appears that the witness was detailing a talk he had with the defendant about other persons going to him (defendant) to collect their bills, and that this conversation was called for by the question of appellant's counsel. Moreover, no reason was given by the attorney for defendant for the motion he made, and no specific objections were made to the answer of the witness. It is clear there was no error here.

II. Appellant also insists that the court was in error in allowing a witness by the name of McGuire to testify as to certain figures which appeared upon a piece of wood, taken from a stall in his (McGuire's) barn, and as to what plaintiff said about them. In order to understand the point presented, it is perhaps well to state that the plaintiff claimed that he and the defendant were at McGuire's barn when the settlement was made, and that McGuire made the figures upon the piece of wood, about which McGuire was interrogated. McGuire, upon his examination, said that he saw the parties together in the barn, near the place where this piece of wood was, and the record discloses the following, taken from the transcript of the proceedings: "Q. When did you first observe the figures on that plank? A. Well, Mr. Nagle showed them to me. He said they were there. (Defendant

objects as to what Mr. Nagle said, as not being in the presence of Mr. Fulmer. No ruling). Q. When did you first see the figures? A. A few days after their settlement. It was a day or two after the settlement. He being there, drew my attention to it. It was a week or two after Fulmer was down there that I first saw the figures." It is perfectly plain that there was no ruling made upon defendant's objection, and nothing to which an exception was or could be taken; consequently there is nothing here for us to consider.

III. Plaintiff was asked when he first called McGuire's attention to the figures appearing upon the piece of wood. To this defendant objected as incompetent and immaterial. The objection was overruled, and exception taken. It is argued that this ruling was erroneous. We do not think so. But concede that it was, it was clearly withot prejudice. The plaintiff said, in answer to the question, that he called McGuire's attention to them a week or so after they were made. He did not say anything about who made them, or do or say anything, except to fix the time when he spoke to McGuire about them. McGuire had already testified to the same thing without objection, and no possible prejudice resulted.

IV. The piece of wood upon which the figures appeared was taken from the barn and introduced in evidence upon the trial over defendant's objections. It is said the court erred in allowing this exhibit to go to the jury. The plaintiff testified that the figures were made by the defendant at the time of the settlement. They indicated that defendant was indebted to plaintiff in the sum of one hundred and twenty-six dollars, and, if made by the defendant, were proper to be considered by the jury. It is true the defendant denied making them, but his

denial was not sufficient to render the exhibit incompetent. With plaintiff's identification they were properly in evidence. The weight to be given this evidence, in view of defendant's denial, was for the jury.

We have examined all the rulings complained of, and discover no prejudicial error. The judgment is therefore AFFIRMED.