## Chicago & Alton Railroad Company v. Michael Reilly.

1. SPECIAL FINDINGS—*Failure of Jury to Answer Properly—Waiver.* —Where special interrogatories are submitted to a jury and they return a general verdict without answering the interrogatories, they may be sent back to find specially upon such interrogatories, even where they have returned a sealed verdict and been allowed to separate; and a party who objects to another retirement of the jury for this purpose waives any right to object to their failure to find specially.

2. SAME—*When Special Interrogatories Need Not be Submitted.*—It is proper to refuse to require a jury to find specially on a question where either an affirmative or negative answer to the question would be consistent with a general verdict for either party.

3. PLEADING—*An Allegation in a Declaration Held Not to Charge Negligence.*—In a suit against a railroad company for negligence, amended counts were filed setting up a failure to ring a bell and a failure to lower crossing gates as negligence, and stating that a plank or piece of wood was carelessly and negligently allowed to project from one of the cars and that it struck plaintiff. *Held,* that as here laid the allegation in regard to the plank was descriptive of the car only, and not an allegation of a negligence which caused the accident.

4. LIMITATIONS—*The Rule Where Amended or New Counts Are Filed.* —The cause of action of a plaintiff against a defendant for personal injury suffered by the plaintiff on account of the negligent act of the defendant, may be regarded as the act or thing done, or omitted to be done, by the one, by which an injury results to the other. And where an act of negligence, set up in an amended count, filed after the time allowed by the statute of limitations within which to bring suit has run, is distinct and separate from the act charged in the original declaration, it is barred by the statute.

5. APPEALS AND ERRORS—*Practice Where a Demurrer to a Plea to One of the Counts of a Declaration is Improperly Sustained.*—Where a demurrer to a plea of the statute of limitations to an amended count of a declaration charging negligence, is improperly sustained, the judgment must be reversed where the evidence is such as is here presented,

as the jury may have found that there was no negligence established under any of the other counts and may have based their verdict solely upon the negligence charged in the amended count.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed March 24, 1898.

### STATEMENT OF THE CASE.

On December 12, 1893, appellee was injured by a train of appellant at the crossing of its tracks and Laflin street, in the city of Chicago.

Two theories of fact are presented as to the occurrence. Appellee presents evidence to show that he, with a companion, Finn, was proceeding upon the public street to cross the railroad track, when the train of appellant approached at a high rate of speed and without any warning by bell or whistle; that the crossing gates were up; that Finn first discovered the approach of the train, and drew appellee back to one side as it passed; that in passing a piece of timber or plank projecting from one of the cars struck appellee, and knocked him down; that as appellee fell he rolled underneath the cars and was injured.

Appellant attempts to show that appellee and Finn were upon the train, and that as it approached Laflin street they jumped from the moving train, and that in so doing appellee fell and rolled under the cars. It also presents evidence to show that there was no plank or timber projecting from the cars; that the bell was rung and the gates were lowered.

The first declaration, filed on February 7, 1894, contained no allegation as to a projecting plank or timber. The negligence set up by the several counts of this declaration consisted of failure to ring bell or blow whistle, of rate of speed, of failure of gateman to lower gates, of failure of flagman to give notice, and of failure to stop the train to prevent injury.

On February 19, 1897, an amendment was permitted, by

which appellee alleged that a piece of wood or timber was negligently permitted to project from one of the cars.

The statute of limitations was pleaded to this count, and a demurrer to the plea was sustained; and on March 10, 1897, after verdict and pending motion for new trial, appellee filed two additional counts, declaring in one count that while the train was negligently managed, in that no bell was rung, as required by ordinance, appellee was struck by a plank, wood, or other substance projecting from one of the cars; and in the other count a failure to lower the gates, and like allegations as to being struck by projecting plank or wood. Objection was made as to the filing of the additional counts and overruled, and the statute of limitations was then pleaded, to which a demurrer was sustained. Appellant then extended its plea of general issue to these counts. · No claim of surprise or demand for continuance was interposed.

Upon trial the jury found a general verdict for appellee, and assessed his damages at $5,000.

Three questions calling for special findings by the jury were presented by appellant, and given to the jury by the court. The jury was permitted to return a sealed verdict and separate.

With the general verdict a finding was returned to one of the three questions submitted, and the other two were returned unanswered. When the sealed verdict was opened, some days after its return, and in the presence of the jury, the court offered to send the jury back to consider findings upon the two unanswered questions; but appellant objected to this, and the general verdict and the one special finding were received by the court. After the arguments upon the motion for new trial, the filing of the two additional counts to the declaration, the plea of the statute of limitations, and the sustaining of demurrer thereto, the court overruled the motion for new trial and entered judgment upon the verdict.

WILLIAM E. HUGHES, attorney for appellant; WILLIAM BROWN, general solicitor C. & A. R. R. Co., of counsel.

While the statute of amendment in force in Illinois is exceptionally liberal, yet it has never been intended by such amendments to avoid the statute of limitations by bringing into the case an additional cause of action after the time for suing upon it has expired. The statute of limitations can not be avoided in that way. Swift & Co. v. Madden, 165 Ill. 41; Eylenfeldt v. Illinois Steel Company, 165 Ill. 185; Illinois Steel Company v. Eylenfeldt, 62 Ill. App. 552.

In a case like the one under consideration, the cause of action may be regarded as the act or thing done or omitted to be done by one which confers the right upon another to sue—in other words, the act or wrong of the defendant toward the plaintiff which causes a grievance for which the law gives a remedy. Swift & Co. v. Madden, 165 Ill. 41.

The court approved of three special questions, gave them to the jury, directed them to answer each of them, and return them answered with their verdict. The jury disobeyed the directions of the court and chose to answer only one. Their separation was therefore as unauthorized as if they had failed to make a general verdict before separation, in which case the court would have no power to send the jury out after such separation to agree upon a verdict. White v. Martin, 2 Scam. 69.

After the jury had agreed upon a general verdict and sealed it, and delivered it to the officer having them in charge, they separated. It had been agreed they might separate after they had agreed upon a verdict. The verdict which they were to agree upon before separating was not the general verdict only, but the special findings of fact which they were required by the court and the law to return with their general verdict. They separated, therefore, before they had agreed upon the verdict required from them. It was not proper after this to get them together and have them proceed to complete their verdict. The agreement that the jury might separate was a waiver of the right to poll the jury. Koon v. Insurance Co., 104 U. S. 106.

Where an agreement was made that the jury, when they

had agreed upon a verdict, might seal it and deliver it to an officer of the court and separate, it was held that this was equivalent to delivering the verdict into court.    Pierce v. Hasbrouck, 49 Ill. 23.

So an order to seal and deliver a verdict to the clerk, made under an agreement of parties, was held to dispense with the return of the jury and to preclude their amending the verdict afterward.    Trout v. West, 29 Ind. 51.

Albert H. Thompson and M. V. Gannon, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the Court.

It is contended by counsel for appellant:

First.    That the verdict is not supported by the evidence.

Second.    That the general verdict should not have been received without special findings upon the three questions presented to the jury.

Third.    That the amendment of February 19, 1897, and the additional counts of March 10, 1897, in alleging that a piece of plank or timber projected from one of the cars, by which appellee was struck, set up a new cause of action, and was within the application of the statute of limitations.

It is unnecessary to discuss the evidence, as the case must, because of the pleadings, be submitted to another jury.

We are of opinion that the court did not err in receiving the general verdict without requiring the jury to answer the two questions for special findings.

The jury might have been, and had it not been for objection by appellant, would have been, sent back to find specially upon these questions.    This would have been proper practice, although they had returned a sealed verdict and separated.    The Consolidated Coal Co. v. Maehl, 130 Ill. 551.

When counsel for appellant objected to another retirement of the jury for this purpose, he waived any right to demand further findings.    Wabash R. R. Co. v. Speer, 156 Ill. 244.

Several questions calling for special findings were marked refused by the trial court and not given to the jury. Counsel for appellant limit their argument to the refusal of one only, viz., the third. This was properly refused. Either an affirmative or negative answer to this question would have been consistent with a general verdict for either litigant.

We come, then, to a consideration of the application of the statute of limitations. The three counts to which this plea was interposed are the amended count filed February 19, 1897, and the two additional counts of March 10, 1897. In the two latter counts the negligence alleged as the cause of the injury is, in the first, failure to ring a bell, and in the second, failure to lower gates, each of which is a charge of negligence contained in the original declaration, and hence these two counts are restatements only. The fact that each describes the car which struck appellee as having a plank or wood projecting from it, does not make the ground of negligence any different, nor is the fact that in the second of these counts it is alleged that such plank or wood was " carelessly and negligently allowed to project " of consequence, for it is clearly alleged therein that it is the negligent failure to lower the gates " by means and in consequence of which, etc.,  *  *  *  plaintiff was injured." Although it would be better and safer pleading to omit in this count the words " carelessly and negligently " as applied to the plank, and simply allege its position, yet we are disposed to hold that the allegation as now framed is descriptive of the car only and not an allegation of a negligence which caused the injury.

But upon the amended count of February 19, 1897, which was more than two years after the injury, a different question arises. This count in effect sets up, as the only negligence charged, the permitting of the projected timber, an act not charged in any count of the original declaration. Is this, therefore, a new cause of action, and distinct from any cause of action originally declared on ?

It is urged by counsel for appellee that the true test and

criterion is to inquire if a recovery upon the one would operate as a bar to a recovery upon the other, and there are not a few decisions which are, in substance, based upon this test.

But whatever may be said of the logic and reasonableness of this test, we understand the recent decisions of our own Supreme Court as announcing a rule which governs here, and which makes it unnecessary to look to other authorities. In Swift & Co. v. Madden, 165 Ill. 41, the court say : " In a case like the one under consideration, the cause of action may be regarded as the act or thing done or omitted to be done by one which confers the right upon another to sue," etc.

In Illinois C. R. R. Co. v. Campbell, 170 Ill. 163, the court say : " The cause of action of a plaintiff against a defendant for personal injury suffered by the plaintiff on account of the negligent act of the defendant, may be regarded as the act or thing done, or omitted to be done, by the one, by which an injury results to another." In that case the original declaration alleged negligence in permitting an unblocked frog.• In the amended count, negligence was alleged, in that a pile of ashes was allowed to remain where plaintiff stumbled upon it, and thus caught his foot in the unblocked frog. The negligence in the amended count was limited to the permitting of the ashes —a matter not alleged in the original declaration. The court held that the original declaration showed no cause of action, and hence, that the case was governed by the case of Eylenfeldt v. Illinois Steel Co., 165 Ill. 185. Its decision, however, is not put upon this ground alone, but it would seem to be as well upon the broader ground that the negligent permitting of the pile of ashes was a distinct and different cause of action from the negligent permitting of the unblocked frog. The court say further : " If it be true, as stated by appellee in his amended count to the declaration, filed more than two years after his cause of action accrued, that a pile of ashes was permitted by appellant to accumulate near the side of its track, over which

appellee stumbled, and thus caught his foot in an unblocked frog, we hold such statement to be a separate and distinct cause of action, charging other and different negligence from that alleged in the first count of the declaration, and therefore barred by the statute of limitations."

The act or thing done, set up in the amended count here as constituting negligence, was the permitting a plank or timber to project one and one-half to three feet from a moving freight car, by means of which, and by which, appellee was struck and injured. The act or thing omitted, set up in the original declaration as constituting negligence, is variously charged in the several counts as failing to ring a bell or blow a whistle, failing to lower gates, failing to have flagman to give notice, and failing to stop train in time to avoid the injury, and the act done set up in the original declaration, is negligence in running at an improper rate of speed, by means of which omission or act appellee was struck by a locomotive engine and cars and injured.

That the act done, and which constituted negligence, as charged by the amended count, is distinct and separate from any act charged in the original declaration, is obvious.

The jury may have found that there was no negligence established under any of the charges contained in the original declaration, and upon which there was a sharp conflict in the evidence, and may have based their verdict solely upon the negligence charged in the amended count, i. e., in permitting the timber to project from a moving car.

We see no escape from the conclusion that this case must be governed by the decisions above cited.

The cause of action set up by the amended count of February 19, 1897, is therefore held to be barred by the statute of limitations.

The judgment is reversed and the cause remanded.