[No. 4386.]

## The City of Denver v. Teeter.

**1.    Instructions—Special Interrogatories to Jury.**

It is not an abuse of discretion to refuse to submit an interrogatory to a jury, the answer to which would not affect the general verdict or the result of the action.

**2.    Cities and Towns—Parties—Negligence—Abatement.**

The charter of a city provided that no action could be maintained against the city for damages to a person resulting from any defects in the sidewalks of the city which were caused by the negligence of some person other than an employe of the city unless such person should be joined with the city in the same action as defendant. An action was brought against the city for injuries caused by falling on a defective sidewalk. The city moved to make the owner of the real estate abutting the defective sidewalk a party defendant, which was granted. An amended complaint purporting to state a cause of action against said owner was filed by plaintiff and a general demurrer thereto by said owner was sustained. Defendant city interposed the defense that the abutting owner constructed and maintained the sidewalk, which was put in issue by the replication. Held, that the city was not prejudiced by the orders sustaining the demurrer and dismissing the cause as to the abutting owner since such orders did not prevent the city from taking advantage of the charter provision under its plea in abatement and proving or offering to prove the facts upon which it relied to support its special defense.

3.  **Same—Negligence of Abutting Owner.**

In an action against a city for injuries caused by a defective sidewalk, the presence of the abutting lot owner as defendant is not necessary to entitle the city, under a sufficient plea, to show that said abutting owner was jointly liable with the city for the result of the negligence complained of.

4.  **Evidence—Objection—Waiver—Non-Prejudicial.**

Error committed in the admission of testimony over objection is not prejudicial where the same testimony by other witnesses was afterwards admitted without objection.

5.  **Evidence—Findings—Appellate Practice.**

When from the testimony and surrounding circumstances it may fairly be inferred that a certain result would probably be caused, a finding of fact that such result was thus caused will not be disturbed on review.

*Appeal from the District Court of Arapahoe County.*

Mr. H. M. Orahood and Mr. H. L. Ritter, for appellant.

Messrs. Whitford, Whitford & May, for appellee.

Mr. Justice Gabbert delivered the opinion of the court.

Appellee brought an action against the city of Denver to recover damages resulting from injuries sustained on account of a defective sidewalk. From a judgment in her favor the city appeals.

In the original opinion filed, we held that the court erred in refusing to submit to the jury an interrogatory requiring them to specifically find whether or not the fall of plaintiff which resulted in her injury was occasioned by stepping and slipping upon certain brass letters embedded in the sidewalk. This conclusion was based upon the assumption that the defect complained of consisted of these letters, when, in fact, from the complaint and testimony it appears that the defective walk upon which plaintiff slipped and fell was a strip 2 by 12 feet,

constructed of cement, in which these letters were embedded, the surface of the whole of which was smooth and glassy. It is immaterial, therefore, whether the fall of plaintiff was occasioned by stepping upon these letters or upon the cement immediately surrounding them; consequently, it was not an abuse of discretion to refuse to submit an interrogatory to the jury the answer to which would not affect the general verdict or the result of the action. —*City v. Davis,* 55 Pac. (Kan.) 492; *C. & A. R. R. Co. v. Reilly,* 75 Ill. App. 125; *Nodle v. Hawthorne,* 77 N. W. (Iowa) 1062; *Scagel v. R. R. Co.,* 83 Iowa 380; *Swift v. Wyatt,* 43 Pac. (Kan.) 984.

The other errors assigned on behalf of the city and argued were not considered in the original opinion, and as it is apparent from the record that we were in error in deciding the case upon the one question mentioned, the other points made by counsel for the city must now be considered.

The action was originally brought against the city, which interposed a defense to the effect that one Barbara Riethmann, at the time of the injury to plaintiff, was the owner of the real estate abutting the defective sidewalk. The city also moved that Mrs. Riethmann be made a party defendant. This motion was granted, and an amended complaint filed, which purported to state a cause of action against both the city and Mrs. Riethmann. The latter interposed a general demurrer to this complaint, which was sustained, and on her motion, the action was dismissed as to her. It is contended on behalf of the city that these orders were erroneous, for the reason that the charter of the city provides, in effect, that no action can be maintained against it for damages to a person resulting from any defects in the sidewalk of the city which were caused by the negligence of some person other than an employe of the city, unless such person

shall be joined with the city in the same action as defendant. To the amended complaint the city again interposed a defense, which, in substance, averred that Mrs. Riethmann was the owner of the premises in front of which the defective sidewalk existed, and that she had constructed and maintained this walk. It may be true, as contended, that a cause of action was stated against Mrs. Riethmann, but if the court erred in holding to the contrary, the city was not precluded from taking advantage of the provision of the charter above noticed. The validity of this provision is not challenged, and we will assume, for the purposes of this case, that it can be upheld. Its object is to permit the city, if it so elects, to interpose as a plea in abatement, the fact that some person other than an employe of the city was the author of a defect in a sidewalk which resulted in an injury to the person seeking to hold the city responsible for such defect. The city interposed that plea, which was put in issue by the replication filed on the part of the plaintiff. If it had seen fit to take advantage of this plea by proving the facts alleged, and they were sufficient in law to establish negligence on the part of Mrs. Riethmann with respect to the sidewalk, then the action would have abated as against it, so that sustaining the demurrer of the defendant Riethmann to the amended complaint did not prevent the city from taking advantage of the charter provision invoked. An erroneous ruling which does not prejudice the rights of a party to an action, or, as in this instance, which did not prevent the city from proving or offering to prove, the facts upon which it relied in support of its special defense, is not reversible error.

A further defense was also interposed on the part of the city the purpose of which was to charge Mrs. Riethmann with negligence which caused the

plaintiff's injury. For this reason it is urged that she should have been made a party defendant. Whether or not she should have been made a defendant is not the question. The presence of Mrs. Riethmann was not necessary in order to entitle the city, under a sufficient plea, to establish a state of facts from which the conclusion could be deduced that she was jointly liable with it for the result of the negligence complained of. In such case the action could not have been maintained, but must have abated.

On behalf of the plaintiff witnesses were permitted to give their opinion as to whether the sidewalk in question was a dangerous one or not. It is contended that the reception of this character of testimony was erroneous, because the condition or character of the sidewalk was not a proper subject for opinion or expert testimony. If it be conceded that the condition of the walk could not be established by opinion evidence, the city is not in a position to take advantage of the alleged error in the admission of this character of testimony. Objection was made to questions propounded by counsel for the plaintiff to two of the witnesses, calling for their opinion as to whether the sidewalk was dangerous or not. These objections were overruled. Subsequently two other witnesses, on behalf of the plaintiff, were similarly questioned, and, without objection, stated that in their opinion the walk was dangerous. Error in the reception of testimony is not prejudicial where other witnesses subsequently testify to the same facts without objection.—*Nagle v. Fulmer,* 98 Iowa 585.

It is also urged that the testimony is insufficient to establish that plaintiff slipped upon the strip of sidewalk claimed to be defective. This strip was 2 by 12 feet in area. The letters were each about

one foot in length, distributed through the center longitudinally. The whole surface was smooth, and rendered particularly slippery by being covered with a slight, dry snow, which had recently fallen. The walk immediately adjacent was corrugated. The plaintiff, in attempting to rise, noticed that she was sitting on the letters, so that the evidence, taken as a whole, is sufficient to sustain the finding of the jury that she slipped and fell within the limits of the defective walk. When, from the testimony and surrounding circumstances, it may fairly be inferred that a certain result would probably be caused, a finding of fact that such result was thus caused will not be disturbed on review.

This disposes of all questions argued on behalf of the city possessing any merit, and as it is apparent that our original conclusion was erroneous for the reasons stated, the former opinion is withdrawn, the judgment entered thereon set aside, and the judgment of the district court affirmed.          *Affirmed.*