[No. 6564.]

### GRIFFITH V. CITY AND COUNTY OF DENVER.

1. NEGLIGENCE—*Evidence—Prior Accidents—Laying Foundation.* Where in an action against a municipal corporation for an injury sustained by a pedestrian, by reason of a fall upon the public walk, attributed to the condition of the walk, the plaintiff would, to establish the negligence of the defendant, give evidence of prior accidents to others at the same place, he must first show affirmatively that these prior occurrences were under substantially like conditions, both as to the walk, and the persons who sustained the injury. *Diamond Rubber Co. v. Harryman,* 41 Colo. 415, followed and approved. *Colorado v. Rees,* 21 Colo. 435 distinguished.

2. MUNICIPAL CORPORATIONS—*Sidewalk—Excessive Inclination—Effect.* That a sidewalk is laid and maintained with an inclination exceeding that prescribed by ordinance is not negligence *per se,* on the part of the municipality, but mere evidence of neglignce, of the effect of which, taken in connection with the other evidence, the jury are to judge.

*Error to Denver District Court.*—Hon. HARRY C. RIDDLE, Judge.

Messrs. H. N. HAWKINS, E. T. WELLS, for plaintiff in error.

Messrs. H. A. LINDSLEY, F. W. SANBORN, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

The suit is by Noah H. Griffith, to recover damages for personal injuries sustained through falling upon a sidewalk on Lawrence, between Sixteenth and Seventeenth Streets, in the City of Denver. The fall is attributed to the fact that the sidewalk where it occurred was made of concrete, with a surface so smooth and slippery and with so great an incline that persons walking thereon, though using due care, were liable to slip, the inclination of the walk toward the street being greater than authorized by ordinance. That because of such construction the sidewalk in question had been and was insecure and dangerous, particularly in the winter time, and during seasons of snow, sleet and ice; so that at such times, and especially when covered by melting snow, persons walking upon it were liable, by reason of its inclination and smooth and polished surface, to slip and fall. The walk had been thus maintained for several years prior to the accident.

The defendant, for answer to the complaint, admitted knowledge and notice of the condition and manner of construction of the walk, but alleged that it was a reasonably safe one, and conformed in general to that class of walks in use throughout the city. For an affirmative defense, the defendant alleged that the plaintiff's injury, if any, was caused by his own negligence. For reply, the plaintiff denied that the sidewalk in question was constructed in a reasonably safe manner, or that the injury of the plaintiff was due to negligence on his part.

Under the pleadings, the sole and only issue was whether the city was negligent in maintaining a sidewalk in the condition, and constructed after the manner, of the one of which complaint is made. A number of expert witnesses testified on each side, describing the walk in detail, some affirming that it was not of proper construction, and others directly the contrary. Witnesses testified that the surface was exceedingly smooth, polished, slippery and

dangerous.  Its alleged inclination was shown, to wit, a fall of about one-half an inch to the foot, instead of three-tenths of an inch, as limited by ordinance.  The jury made personal inspection of the walk.  Plaintiff offered to show by numerous witnesses, who had previously occupied the premises in front of which the accident occurred, that from the time of the construction of the walk repeated accidents had happened to pedestrians from falling upon it.  This testimony was offered to show negligence on the part of the city.  There was no issue upon the question of knowledge and notice, and therefore no testimony to that point was necessary or competent.  The court below held that such testimony was inadmissible to establish negligence, for which purpose alone it could be offered, and therefore excluded it.  The jury returned a verdict for the defendant, and a judgment of dismissal followed. Plaintiff brings the case here on error, seeking a reversal.

The main error alleged is the rejection of testimony of previous mishaps to others by falling on this walk, although there is some complaint made of the instructions given.

The purpose of the testimony of other accidents was to show that the walk was unsafe, and thus fix negligence on the city for maintaining it in such condition.  To give any probative force to the fact that others had fallen on the walk prior to the accident in question, it must have been first shown that these independent happenings occurred under substantially like circumstances and conditions, both as to the walk and the persons who fell upon it, as did the one over which this contest is waged.  Nothing of that sort was attempted, and for this reason alone, if for no other, the testimony was properly rejected because, in that state of the record, clearly irrelevant. Under such circumstances, we fail entirely to apprehend how such testimony could even tend to show the condition of the walk for safety or otherwise.  It could not in

any sense illustrate the main issue, for it is common knowledge that persons may, and frequently do fall in passing over a perfectly safe and properly constructed walk, through their own fault, while others, in going over a known dangerous one, exercising ordinary care, do so in safety. The condition of the walk and the method of construction had been fully described to the jury, by various expert witnesses; it had been inspected by that body, and the testimony offered could add nothing whatever as to the physical condition of the walk.

Moreover, the question is *stare decisis* in this jurisdiction. It was expressly determined in *Diamond Rubber Company v. Harryman,* 41 Colo. 415, 192 Pac. 922, that evidence of collateral facts, which are incapable of aiding in the determination of the main fact, should be excluded, because such evidence tends to draw the minds of the jurors from the real issue and excite, prejudice, mislead and confuse them. It was stated, in substance, in that case, that the character of the obstruction was susceptible of proof, such proof was made, and whether or not the object there under consideration was dangerous was to be determined by the jury from these facts, and not from whether others had passed along the sidewalk where it was located without being injured, or had sustained injury. A precisely similar situation is now before us, and the opinion in that case is controlling here. Indeed, we have neither the purpose nor inclination to overturn or modify it. The character of the construction and the condition of the walk here involved was susceptible of proof, and such proof was before the jury. It was for the jury, from the facts thus submitted, to determine whether the walk was reasonably safe. The condition and character of the walk, whether safe or dangerous, could not be established by showing that some passed over it safely, while others fell upon it and were injured.

Bearing in mind that the testimony of former acci-

dents was offered for the purpose of proving negligence, and could not have been properly offered for any other purpose, as that was the sole issue, other decisions of this court support the action of the trial court in rejecting it. In *Rio Grande Southern Railroad Company v. Campbell,* 44 Colo. 1, 96 Pac. 986, at page 19, upon a consideration of a like question, it is said:

"In an action for negligence the general rule is that evidence of other independent and disconnected acts of negligence which could not have contributed to the plaintiff's injuries, is not admissible to establish the negligence charged."

And in *Denver Tramway Company v. Cowan,* 51 Colo. 64, 116 Pac. 136, it is said:

"The general rule is, that when a party is sued for damages arising from a particular act of negligence imputed to him, disconnected, though similar, negligent acts, are admissible. A different rule applies when the purpose of the evidence is to establish a previous and continuous defective or dangerous condition of a thing, and knowledge or notice thereof upon the part of the person sought to be charged, or, perhaps, when its purpose is to charge one with notice of another's incompetency, and probably, in a few other instances not necessary to notice here."

It is urged that in *Colorado M. & I. Co. v. Rees,* 21 Colo. 435, 42 Pac. 42, a rule is laid down which sustains the contention of plaintiff, and which is in conflict with that announced in *Diamond Rubber Company v. Harryman, supra.* There is no force to this claim. Upon the facts, these two cases are clearly distinguishable, and there is no conflict of opinion between them; on the contrary, in the earlier case the rule in the Harryman case is directly approved. At page 440 of the opinion in the former case the court said:

"We cannot notice in detail the particular specifications of error predicated upon the admission and rejection of testimony. The main contention under this head is that the court erred in permitting plaintiff to show that the door in question was open at times antecedent to the accident, and that other persons came near falling into the shaft; for the reason that this testimony tended to show other and independent careless acts of the person in charge of the elevator at such times. It is clear that if such was the purpose and effect of this testimony, it would be inadmissible; but that such was not the purpose and object for which it was introduced is evident when the theory upon which the case was tried is kept in view. The whole scope and tendency of the evidence introduced on the part of plaintiff was to show that the elevator door was open at the time of the accident because of the defective condition of the lock; and in corroboration of that claim the evidence complained of was offered as tending to show a previous and continuous defective condition. The evidence was relevant for this purpose, and also competent to show notice and knowledge on the part of the company of the defective condition of the lock."

In the case at bar the previous condition of the sidewalk was established by testimony introduced for that express purpose, and notice and knowledge on the part of the city of its condition was admitted in the pleading, and since, as has already been shown, testimony of antecedent accidents, unless the facts and circumstances attending the same were fully disclosed and shown to be substantially the same as those which surrounded the accident in controversy, could not possibly throw light upon the question as to whether the walk was a reasonably safe one, so that such testimony, even under the authority of the Rees case, *supra,* so much relied upon by counsel for plaintiff, was not admissible. The issue in that case was whether defendant maintained a door to its elevator which

had a defective lock.  The whole scope and tendency of the testimony there objected to was to show the physical condition of the lock, by proving that at dates antecedent to the accident the elevator door was open, because of the failure of the lock to work, and to thus show a previous and continuous defective and dangerous condition.  For the sole purpose of showing the previous condition of an inanimate thing, this testimony was competent.  But the rule there invoked has no application here, where we have to deal with the actions and conduct of persons amenable to the general rules of law, who may or may not exercise ordinary care or caution, and whose conduct in this respect is material, when it is sought to show what happened to them, in order to establish that the walk upon which they fell was not reasonably safe.  In this case the actions, the condition, the prudence of every person is involved, who is alleged to have met with a like accident to that which befell the plaintiff, and thus unlimited collateral issues are injected; while in the elevator case the testimony was admitted simply to illustrate the physical condition of the lock on the door, and no collateral issue was or could be involved.  In other words, here we are dealing with matters affecting the actions and conduct of human beings, who are required to exercise reasonable and ordinary caution when walking upon the public highway, but in the elevator case with a fixed, inanimate object, incapable of action, without reasoning faculties or legal responsibilities.  The distinction between the case is sharply defined.

The testimony shows that the walk in question had an inclination toward the street slightly in excess of that fixed by ordinance.  Counsel for plaintiff urge that this conclusively establishes negligence against the city.  The court instructed the jury that such fact did not in and of itself alone necessarily establish negligence, but that it was a fact which the jury should take into consideration,

with all of the other testimony, in reaching a conclusion as to whether the walk was of a defective or dangerous construction. On the question of the duty of the city respecting the maintenance of the walk, the trial court gave this further instruction:

"The court instructs the jury that it was the duty of the City and County of Denver to use ordinary care and diligence to keep the sidewalk on which plaintiff fell in a reasonably safe condition for travel by pedestrians. If you find from the evidence that the said sidewalk had an excessively smooth surface, or an excessive inclination or slant, and that because of said conditions, or either of them, it was not in a reasonably safe condition, and that the plaintiff, while using ordinary care in walking on said sidewalk, fell, and was injured as the result of said condition of walk, then your verdict should be for the plaintiff."

These two instructions fairly embrace the law upon the issue tendered. If the contention of counsel for plaintiff is sound, and the court had adopted that view, its duty would have been to have instructed a verdict for plaintiff. To have done so in a case where there was a decided conflict of testimony as to the defective or dangerous character of the walk would have been contrary to reason and precedent. The effect of the excessive inclination upon the safety of the walk was one of fact, involving the question of negligence on the part of the city, a matter clearly for the jury to determine upon all of the testimony, where it was properly left. The slope to the walk may have been a contributing cause to the accident, but was not alone sufficient to fix unquestioned liability upon the city, and the evidence of the defendant plainly shows that it did not of itself render the walk unsafe. The law is that mere irregularity and inequality of the surface of a way does not of itself make a city liable for damages sustained at such a place. *Bigelow v. Kalamazoo*, 97

Mich. 121, 56 N. W. 339, and *Burroughs v. Milwaukee,* 110 Wis. 478, 86 N. W. 159. It is a universal and undisputed rule that a municipality is held only to the maintenance of a reasonably safe sidewalk, and whether the walk in question was of that character was left to the jury under proper instructions, which affords the plaintiff no just ground of complaint.

Had the ordinance been a penal one, or one purely of safety, then possibly a different rule might obtain. It is, however, not penal, and involves not only the question of safety, but of uniformity and sanitation as well. The case was tried on the sole issue as to whether the walk was a reasonably safe one. In view of the manifest purpose of the ordinance to meet various conditions, as above indicated, and the conflict of testimony as to whether the walk was of dangerous or defective construction, that question could not have been properly determined by the court, as matter of law, simply because the inclination of the walk was in excess of that fixed by ordinance. There appearing to be no error in the record, the judgment should be affirmed.

Judgment affirmed.

CHIEF JUSTICE MUSSER and MR. JUSTICE WHITE concur.

Decided April 7, A. D. 1913. Rehearing denied May 5, A. D. 1913.