Betty JACOBS, Plaintiff-Appellee,

v.

COMMONWEALTH HIGHLAND THEATRES, INC., Defendant-Appellant.

No. 84CA1243.

Colorado Court of Appeals, Div. III.

Oct. 30, 1986.

Rehearing Denied Nov. 26, 1986.

Certiorari Denied (Commonwealth) June 8, 1987.

Pred and Miller, Ronald S. Pred, Denver, for plaintiff-appellee.

The Law Firm of Mike Hilgers, Mike Hilgers, Shauna L. Hilgers, Arvada, for defendant-appellant.

BABCOCK, Judge.

Defendant, Commonwealth Highland Theatres, Inc., appeals the judgment entered against it on a jury verdict awarding plaintiff, Betty Jacobs, $100,000 compensatory and $150,000 exemplary damages. We affirm in part and reverse in part.

In 1982, plaintiff was walking down the center aisle of defendant's theater when she stumbled on a step and fell, breaking her hip. The theater was dark, and the step was not lighted. Although two signs warned of the step, neither was close to the step, and one was below eye level. Ushers often forgot to warn patrons about the step. Moreover, the dark pattern of the carpet in the aisle obscured the step, giving it the appearance of a continuous ramp. Patrons entering the theater from the brightly lit lobby tended to be distracted by the screen and the choice of seating.

Plaintiff underwent surgery for a fractured femur, which was replaced with a metal prosthesis. Because of the injury, she was permanently disabled. Her injury also necessitated additional medical treatment and surgery.

There was evidence that the same step had been the cause of similar falls on ten prior occasions between 1978 and 1982, some resulting in injury to patrons. Although defendant's district manager was aware of each incident, no corrective measures were taken, other than to install additional lighting in the general area between 1978 and 1979. The manager knew that ushers and doormen routinely failed to warn patrons of the step and that doormen were often called from their stations to work at the concession stand. The problem was regularly reported to defendant's home office, but was not corrected until after plaintiff was injured.

I.

Defendant first asserts that evidence of prior similar incidents involving slips and falls on the same step at the theater was inadmissible to establish defendant's negligence. Thus, defendant contends that the trial court erred in failing to dismiss the complaint because plaintiff did not establish a *prima facie* case of negligence. We disagree.

■ Evidence of prior similar incidents cannot alone establish a *prima facie* case of negligence. *Griffith v. City & County of Denver*, 55 Colo. 37, 132 P. 57 (1913). However, such evidence may be admissible when offered for a valid purpose, when relevant to a material issue, and when its probative value outweighs any prejudice resulting from its admission. *See Griffith v. City & County of Denver, supra; College v. Scanlan*, 695 P.2d 314 (Colo.App. 1985); CRE 404(b).

Here, evidence of similar incidents was admitted not to prove defendant's negligence, but to show the existence of a hazardous condition, *see Cameron v. Small*, 182 S.W.2d 565 (Mo.1944); *cf. Griffith v. City & County of Denver, supra*, and to show that defendant had notice of this condition. *See City & County of Denver v. Brubaker*, 97 Colo. 501, 51 P.2d 352 (1935); CRE 404(b).

■ Existence of a hazardous condition and the fact that defendant had notice of it are elements of a claim for premises liability. *Griffith v. City & County of Denver, supra; City & County of Denver v. Brubaker, supra*. Moreover, evidence of prior similar occurrences was also relevant to establish plaintiff's entitlement to exemplary damages in that it tended to show defendant's continued failure to correct a dangerous condition known to it. *See Bodah v. Montgomery Ward & Co.*, 724 P.2d 102 (Colo.App.1986); *cf. Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo.1984). Consequently, we conclude that the trial court did not abuse its discretion in admitting this evidence. *See Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322 (Colo.1986).

■ Plaintiff presented sufficient other evidence, independent of prior accidents, that the step was unsafe, that defendant's agents knew of the danger, and that no steps had been taken to correct it. Such evidence established a *prima facie* case of negligence on defendant's part, and thus, the court did not err in refusing to dismiss the complaint. *See Kenney v. Grice,* 171 Colo. 185, 465 P.2d 401 (1970).

■ Defendant's argument that expert testimony was required to establish the hazardous nature of the step is without merit. *See Blackburn v. Tombling,* 148 Colo. 161, 365 P.2d 243 (1961).

## II.

Defendant also asserts that plaintiff failed to establish *prima facie* her claim for exemplary damages. Again, we disagree.

For exemplary damages to be awarded, § 13–21–102, C.R.S., requires the injury complained of to be attended by "a wanton and reckless disregard of the injured party's rights and feelings." Here, the issue is whether defendant's failure to remedy the hazardous condition of the step after repeated notice constitutes such "wanton and reckless disregard" as to support a claim for exemplary damages.

■ While mere negligence cannot support an award of exemplary damages, *Tri-Aspen Construction Co. v. Johnson,* 714 P.2d 484 (Colo.1986), repeated failure to correct a known dangerous condition may convert mere negligence into wanton and reckless disregard. *See Palmer v. A.H. Robins Co., supra.* This is so if the failure to act creates a substantial risk of harm to another and purposefully occurs with awareness of the risk in disregard of consequences, *see Coale v. Dow Chemical Co.,* 701 P.2d 885 (Colo.App.1985), or if the defendant, while conscious of its conduct and cognizant of existing conditions, knew or should have known that injury would probably result from its omissions. *See Pizza v. Wolf Creek Ski Development Corp.,* 711 P.2d 671 (Colo.1985).

■ On the basis of evidence presented concerning defendant's awareness of the hazard and its repeated failure to remedy it, we conclude that plaintiff presented a *prima facie* case of wanton and reckless disregard which would support an award of exemplary damages. Because the jury could reasonably infer from the lack of corrective measures taken with regard to the step that defendant's failure to act was purposeful, with knowledge of the risk involved to patrons, the trial court did not err in refusing to dismiss plaintiff's claim for exemplary damages. *See Bodah v. Montgomery Ward & Co., supra.*

## III.

■ Defendant contends that the trial court erred in admitting into evidence an exhibit consisting of a summary and attached reports of prior incidents made by defendant to its insurer. We find no error.

The exhibit originally was proposed by plaintiff's counsel as a summary of those reports. Defendant objected to the summary as failing to reflect sufficient circumstances to establish substantial similarity of the prior incidents to plaintiff's fall. At the trial court's insistence, it was then supplemented to include copies of the actual reports, which had been edited by the court at defendant's request to delete all references to insurance coverage.

Defendant first argues that the reports were inadmissible as evidence of prior similar occurrences because there was not sufficient similarity between the incidents reported and plaintiff's fall. We disagree.

■ To be admissible, prior incidents must have occurred under substantially similar circumstances. *Millenson v. Department of Highways,* 41 Colo.App. 460, 590 P.2d 979 (1978). Here, there is evidence of substantial similarity of circumstances between prior falls and the plaintiff's fall with regard to the nature of the accidents, their location, the quality of lighting, and the condition of the theater.

Defendant next argues that the exhibit was inadmissible because the reports contained hearsay. The reports were admissi-

ble under the business records exception to the hearsay rule set out in CRE 803(6), and as admissions of a party-opponent. *See* CRE 801(d)(2)(D).

■■■ Defendant's allegation that the trial court denied defendant a fair trial because of prejudicial conduct in the preparation and admission of the exhibit is also without merit. In supplementing plaintiff's original exhibit with the incident reports, the court was responding to defendant's objection concerning the summary of those reports. Defendant cannot assert error in actions it induced the court to perform. *See People v. Shackelford,* 182 Colo. 48, 511 P.2d 19 (1973); *Heimbecher v. City & County of Denver,* 90 Colo. 346, 9 P.2d 280 (1932). Moreover, all proceedings regarding the exhibit occurred outside the jury's presence, and therefore, defendant was not in any way prejudiced. *See People v. Adler,* 629 P.2d 569 (Colo.1981).

### IV.

■■■ Defendant next argues that the trial court erred in admitting into evidence a summary of costs of items purchased by plaintiff's daughter to assist plaintiff in functioning around her home. We disagree.

The list reported expenses for convalescent aids and furniture, and for a housekeeper to do chores that plaintiff had performed herself prior to her injury. Defendant objected to admission of the list on the ground that it was indefinite and did not take into account the routine expense of the housekeeper hired to look after plaintiff's invalid husband.

Although the exhibit did not take into account the prior cost of the housekeeper, the jury was instructed that only injury-related expenses could be considered in determining damages. Plaintiff's daughter testified to the pre-injury amount expended for the housekeeper, and it is presumed the jury followed the instruction and reduced the measure of damages accordingly. *See Madrid v. Safeway Stores, Inc.,* 709 P.2d 950 (Colo.App.1985).

### V.

Defendant also contends that the trial court erred in allowing plaintiff's medical expert to testify concerning his opinion of plaintiff's possible future medical consequences and expenses. We agree, but conclude that under the circumstances of this case, the error was harmless.

Plaintiff's expert, an orthopedic surgeon, testified that complications from plaintiff's injury made additional hip surgery likely. The expert was allowed to testify over defendant's objection that plaintiff had a five percent "probability" of sustaining a bone tissue infection as a result of hip replacement surgery. The expert then testified concerning the expenses plaintiff would incur should an infection develop.

■■■ A medical opinion is admissible only if founded on reasonable medical probability. *Thirsk v. Ethicon, Inc.,* 687 P.2d 1315 (Colo.App.1983). Mere possibilities do not rise to the level of reasonable medical certainty. *Daugaard v. People,* 176 Colo. 38, 488 P.2d 1101 (1971).

■■■ In the sense used by defendant, "probability" refers to the reasonable certainty of an event's occurrence, *i.e.,* that it is more likely to occur than not. In another sense, used by plaintiff, it means the statistical chance that an event will occur, *i.e.,* "probability" as risk. The latter sense was used by plaintiff's medical expert when he projected a "probability" of infection and expenses attributable to it from a "likely" hip replacement procedure. However, his own estimate of five percent risk clearly indicated that the infection and attendant expense was not "probable," *i.e.,* it was unlikely to happen. Since it was not proven as a matter of reasonable medical probability that an infection and attendant expense would result from hip replacement surgery, admission of this opinion was error. *See Trapp v. 4–10 Investment Corp.,* 424 F.2d 1261 (8th Cir.1970).

■■■ However, on plaintiff's cross-examination, defendant's own medical expert also testified to the same risks without objection. Error in the reception of testimony is not prejudicial if another witness

subsequently testifies to the same facts without objection. *City of Denver v. Teeter*, 31 Colo. 486, 74 P. 459 (1903).

■ Moreover, the jury was instructed that its findings of fact must be based on probabilities, not possibilities, nor on surmise, speculation, or conjecture. Therefore, any error in the admission of testimony regarding remote consequences was cured by this instruction, *see Denver Tramway Co. v. Orbach*, 64 Colo. 511, 172 P. 1063 (1918), and was harmless. *See Trapp v. 4-10 Investment Corp., supra.*

### VI.

Defendant next contends that the trial court erred in refusing to order a mistrial because of prejudicial conduct by plaintiff's counsel. Specifically, defendant argues that plaintiff's counsel's reference to records of prior falls as "claims forms" rather than as "incident reports" was so prejudicial as to deny defendant a fair trial. Under the circumstances here, we disagree.

Plaintiff's counsel referred to these reports as "claims forms" during opening and closing argument, and mentioned "claims" and "claim forms" twice during examination of witnesses, correcting himself once. At one point, plaintiff's counsel also requested that an assistant hand him the "insurance file."

The trial court found that plaintiff's counsel's references were inadvertent, and that the jury heard no reference to an "insurance file." The trial court then denied the motion for mistrial, concluding that "claim" as used by plaintiff's counsel did not necessarily mean an insurance claim, but the more general sense of an assertion that an incident occurred, and that defendant was not thereby prejudiced.

■ Evidence of a party's liability insurance is not admissible upon the issue of negligence or other wrongful behavior, CRE 411, and any allusion to insurance coverage is improper. *Prudential Property & Casualty Insurance Co. v. District Court*, 617 P.2d 556 (Colo.1980). However, mere inadvertent or incidental mention of insurance before the jury does not automatically call for a mistrial; unless prejudice is shown, there is no reversible error in denying a mistrial. *See Peters v. Benson*, 425 P.2d 149 (Alaska 1967); *Langley v. Byron Stout Pontiac, Inc.*, 208 Kan. 199, 491 P.2d 891 (1971); *Swick v. White*, 18 Ariz.App. 519, 504 P.2d 50 (1972).

■ The decision whether to grant a mistrial because of conduct of counsel is within the sound discretion of the trial court, and will not be disturbed on appeal absent a clear showing of abuse. *Brown v. Kreuser*, 38 Colo.App. 554, 560 P.2d 105 (1977). Because the term "claim" is susceptible of a harmless, general meaning, because its use was inadvertent, and because any reference to an "insurance file" was outside the hearing of the jury, we conclude that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

### VII.

■ Defendant next argues that the trial court improperly refused its tendered instruction on corporate liability for exemplary damages. We disagree.

Defendant's tendered instruction would have instructed the jury that a negligent act or omission of an employee attended by circumstances of a wanton and reckless disregard of plaintiff's rights and feelings is attributable to the corporation only if the corporation authorized or ratified the act or omission. Defendant's instruction is an incorrect statement of Colorado law as applied to the facts of this case. *See Fitzgerald v. Edelen*, 623 P.2d 418 (Colo.App. 1980).

Both *Holland Furnace Co. v. Robson*, 157 Colo. 347, 402 P.2d 628 (1965) and *Frick v. Abell*, 198 Colo. 508, 602 P.2d 852 (1979), relied upon by defendant, concerned liability of the principal for the torts of nonmanagerial agents. The correct rule for assessing exemplary damages against a corporation for the actions of an agent employed in a managerial capacity is stated in *Fitzgerald v. Edelen, supra:*

"Punitive damages can properly be awarded against a master or other princi-

pal because of an act by an agent if, but only if ... the agent was employed in a managerial capacity and was acting in the scope of employment."

*See* Restatement (Second) of Agency § 217C (1958).

Here, it is undisputed that the acts or omissions upon which the exemplary damages were predicated were attributable to defendant's district manager, and fell within the scope of his employment. Thus, the rule in *Fitzgerald* applies in this case, and since defendant's tendered instruction was not a correct statement of Colorado law, it was properly refused. *See I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882 (Colo.1986).

## VIII.

 Defendant next contends that the trial court erred in refusing to reduce the award of exemplary damages by the percentage of comparative negligence assessed against plaintiff. This contention is without merit. *See Bodah v. Montgomery Ward & Co., supra.*

## IX.

We agree with defendant's assertion that the trial court erred in awarding prejudgment interest on the award of exemplary damages. *See Coale v. Dow Chemical Co., supra.*

## X.

Finally, defendant contends that the compensatory and exemplary damages awarded by the jury are excessive. Under the facts of this case, we cannot conclude that the award of damages is excessive as a matter of law. *See Zertuche v. Montgomery Ward & Co.,* 706 P.2d 424 (Colo. App.1985); *Coale v. Dow Chemical Co., supra.*

Defendant's remaining contentions of error are without merit.

That part of the judgment awarding prejudgment interest on the exemplary damages is reversed, and the cause is remanded with directions to modify the judgment by deleting that part of the award. The judgment is affirmed in all other respects.

SMITH and METZGER, JJ., concur.