**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NANCY LEWIS,**

Plaintiff-Appellant,

v.                                                                                    NO.   29,542

**CINDY PADILLA, NANCY
SCHUMWAY, et al.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY
James A. Hall, District Judge**

Nancy Lewis
Española, NM

Pro Se Appellant

Long, Pound & Komer, P.A.
Little V. West
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff Nancy Lewis appeals the district court order dismissing her complaint

with prejudice.  We issued a calendar notice proposing to summarily affirm the district

court. Plaintiff filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

Plaintiff, appearing pro se, filed a complaint against Defendants, employees of the New Mexico Aging and Long-Term Services Department, alleging fraud, abuse, and negligence on behalf of David Montoya. [RP 1-4] The complaint asks the district court to locate Montoya and to award him compensatory and punitive damages. [Id. 4] The district court granted Defendants' motion to dismiss on grounds that Plaintiff lacks standing. [Id. 43-44] The district court also concluded that Defendants are immune from suit pursuant to the Tort Claims Act. [Id.] *See* NMSA 1978, § 41-4-4 (2001). Our calendar notice proposed to affirm the district court on both grounds. We remain persuaded that our proposed disposition is correct. However, because the standing issue is dispositive, we need not address immunity.

Plaintiff's complaint alleges that Montoya had been harmed and seeks relief for him. [RP 1-4] Plaintiff named herself as the plaintiff and signed the complaint in her name, identifying herself as a pro se party. [Id. 4] Plaintiff did not request any relief for herself. Our calendar notice noted that Plaintiff is not an attorney and that it did not appear that she presented the district court with any authority that would allow her to file a lawsuit on behalf of Montoya. [CN 3] The response does not claim that

Plaintiff has any such authority. As we noted, this Court has made it clear that a non-attorney may not represent another person in a legal proceeding. *Chisholm v. Rueckhaus,* 1997-NMCA-112, ¶ 5, 124 N.M. 255, 948 P.2d 707. [Id.] Accordingly, we hold that the district court correctly determined that Plaintiff had no authority to represent Montoya.

Our calendar notice also noted that Plaintiff did not claim in her complaint that she was harmed, but appeared to claim for the first time on appeal that she experienced pain and suffering and was entitled to a percentage of Montoya's damages. [Id. 2-3] We proposed to conclude that we would not consider Plaintiff's claim that she was harmed because it was not raised below. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) (setting forth that "[t]o preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court"). [Id. 3] We also expressed doubt about whether Plaintiff would be able to demonstrate that she suffered a cognizable injury of her own. [Id.] In response, Plaintiff concedes that she did not raise the issue of her pain and suffering below. [MIO 2] She claims that her omission was "because until she knew that he was alive, she would not have been able to articulate her fears." [Id.] We do not find this argument helpful to Plaintiff's

attempts to claim a cognizable injury. We remain persuaded that the district court could properly dismiss the complaint because Plaintiff lacked standing.

We note that Plaintiff has attempted to remedy the deficiencies in her complaint on appeal by adding Montoya's name to the complaint and signing for him. Plaintiff admits that her original complaint was filed and signed by her but asserts that the copy of the complaint attached to the docketing statement was signed by Montoya. [Id. 1-2] We understand Plaintiff to argue that we should consider the co-signed complaint submitted on appeal as amending the original complaint. However, it is improper for Plaintiff to attach to her docketing statement and response documents which are not part of the record on appeal. *See Jemko, Inc. v. Liaghat*, 106 N.M. 50, 54, 738 P.2d 922, 927 (Ct. App. 1987). This Court will not consider and Plaintiff should not refer to matters not of record. *In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431. Moreover, the addition of Montoya's name would not change our determination that Plaintiff lacks standing and cannot represent Montoya.

For these reasons, we remain persuaded that the district court properly dismissed Plaintiff's complaint. We find it unnecessary to address the issue of

immunity.  We affirm.

      **IT IS SO ORDERED.**

                           **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Judge**

**LINDA M. VANZI, Judge**