<hr/>

[No. 8078.]

## CITY OF VICTOR V. CARBIS.

CONTRIBUTORY NEGLIGENCE—*Evidence Examined and Held Sufficient to Establish.* Action against the city for injuries occasioned by a fall attributed to the negligence of the city in permitting a manhole in the sidewalk to be covered by iron doors with a dangerously slippery surface.

Where plaintiff, still suffering from a fracture of the knee-cap, received two and a half months previous, and for the treatment of which he was at the time wearing an elastic web knee supporter, while pushing and hastening down the sidewalk in a crowd to witness a prospective street fight, about seven o'clock on an evening in February, in a storm of sleet and without rubbers on his feet, heedless of his doctor's warning of the dangers of refracture and utterly unmindful of and indifferent to his own personal safety and welfare, stepped upon the double folding doors of a manway in the sidewalk, with the presence of which he was thoroughly familiar, having on occasions avoided them as unsafe, slipped and fell, refracturing the knee-cap, a clear case of contributory negligence is shown, upon which defendant was entitled to a directed verdict. Negligence on the part of the city assumed, for the purposes of decision, but not determined.* (93-95.)

<hr/>

*Syllabus by BAILEY, J.

*Error to Teller District Court.* HON. J. E. LITTLE, Judge.

Mr. WILLIAM MELLEN, for plaintiff in error.

Mr. EDWARD J. BOUGHTON, Mr. W. A. ALTER for defendant in error.

BAILEY, J., delivered the opinion of the court.

Plaintiff in error, the City of Victor, bring here for review a judgment for $6,500 against it, recovered by defendant in error, in the District Court of Teller County, for the personal injuries sustained by him as the result of a fall upon one of the city's sidewalks.

It appears that at the time of the accident, and for many years prior thereto, there was constructed and maintained at a certain point in the sidewalk, nearer the outside than the inside thereof, on the northern side of Victor Avenue, between Third and Fourth streets, a portion of the business section of the city, a manway covered by folding double iron doors, about four feet square, and slightly projecting above the general level, with abundant space to pass on either side thereof. It is alleged that these doors, by reason of their smooth and slippery surface, were, to the knowledge of the defendant city, highly dangerous to the life and limb of passers-by along the sidewalk.

Some two and a half months prior to the accident upon which this suit is based, plaintiff met with a similar misfortune in attempting to jump to a raised sidewalk, while running to catch a street car, when he fell, striking his left knee upon the curb in such a way as to fracture the patella, or knee-cap. That fracture was treated, first, by posterior splint, later by plaster cast, and for about two weeks before the second accident occured, and at the time of its occurence, by an elastic web knee supporter.

On the evening of February 4th, 1911, at about the hour of 7:15, plaintiff with several others left a saloon near the corner of Fourth street and Victor avenue, in a storm, without rubbers on his feet, and joined a crowd going down Victor avenue toward Third street, following two men, who had just left a pool-room next door to the saloon, with the purpose of witnessing a proposed fight between them at some more or less distant point. There were numerous persons passing along the sidewalk in either direction. Sleet was falling to such an extent as to greatly aggravate the likelihood of accident to pedestrians. In hastening along the sidewalk with the crowd, plaintiff stepped upon the iron doors of the manway, slipped and fell, refracturing the knee-cap, or patella, as a result of which he was disabled for many months, suffering severely, and was probably permanently

injured. According to his own testimony, he was thoroughly familiar with the iron doors, had walked by and over them from time to time for about eight years, and knew they were slippery, having on occasions avoided them as, in his opinion, being unsafe; and further, that his doctor had warned him against the danger of refracture, and cautioned the exercise of care to avoid such result. He had been drinking intoxicants during the evening, though to what extent, or with precisely what effect, does not definitely appear. The following is an extract from his testimony on cross-examination:

"Q. When you were walking down the street and came to this door, you say you didn't give it a thought at all? A. No, sir, I never thought anything about the doors.

Q. Your mind was on the fight, wasn't it? A. Yes, sir.

Q. That is the only thing you were thinking about? A. Why, I never had anything to think of; just to go down there and see what they were going to do, and who was the best man; that is all.

Q. You didn't even think whether you were going to fall on this occasion, or whether you wasn't? A. No, sir, it wasn't in my head at all.

Q. You didn't give it a thought at all when you got on the street? A. No, sir."

Defendant moved for a directed verdict upon the ground, among others, that the undisputed and uncontradicted evidence showed such want of reasonable care on the part of plaintiff as to constitute contributory negligence. Being of opinion that the motion should have been granted on this ground, the decision is limited to that one question as decisive of the case. We have assumed, for the purpose of this opinion, predicated as it is solely upon want of care and caution on the part of the plaintiff, negligence on the part of the city in the construction and maintenance of the iron doors in the walk, but we do not in fact so determine.

Where, by his own acts and conduct, a person shows such total disregard for his physical safety and welfare as did the plaintiff a clear case of contributory negligence seems to be made out. Any other conclusion would be equivalent to saying that in order to constitute such negligence one must wilfully and purposely seek an injury to his person, and such is not and cannot be the law. Considered in its most favorable aspect for plaintiff, the evidence shows that his entire course of action was such as to evince absolute indifference, and an entire lack of care and caution, and since it is not in conflict upon any substantial or controlling matter, a verdict for defendant should have been directed.

Plaintiff was thoroughly familiar with the condition of the sidewalk where he fell. The plaster cast placed on his knee to correct the fracture received in his first accident had been removed only two weeks prior to this one, and replaced by an elastic web supporter. The healing process was proceeding satisfactorily, and he had been cautioned by his doctor of the dangers of refracture. Weather conditions were affirmatively against the safety of any one using the streets at that time, and particularly of the plaintiff in his injured condition. With the increased hazzard, due to climatic conditions, a higher degree of care was by law required of all pedestrians. *City v. Hubbard,* 26 Colo. 534, 69 Pac. 508. Despite all this, the plaintiff, exercising no thought, care or caution whatever, but utterly unmindful of and indifferent to his personal safety, as affirmatively appears from his own testimony, voluntarily joined and followed the crowd, pushing and hastening along over the alleged danger point, which he made no effort to avoid, although well and fully advised of its presence and character. Upon the undisputed facts of this case, it appears to the court that there is no room for an honest difference of opinion, between intelligent and fairminded men, that plaintiff was guilty of contributory negligence. The court should have so declared as matter of law. *C. C. R. R. Co. v. Holmes,* 5

Colo. 197; *Lord v. Pueblo S. & R. Co.*, 12 Colo. 390, 21 Pac. 148; *Jackson v. Crilly*, 16 Colo. 103, 26 Pac. 331; *Colorado & Southern Co. v. Reynolds*, 51 Colo. 231, 116 Pac. 1043; *Phillips v. Denver City Tramway Co.*, 53 Colo. 458, 128 Pac. 460, Ann. Cas. 1914B, 29.

The judgment is, therefore, reversed and the cause remanded, with directions to dismiss.

Chief Justice Gabbert and Mr. Justice White concur.