Carrie E. Dracass, Appellee, v. City of Chicago, Appellant.

Gen. No. 20,852.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed June 10, 1915. Rehearing denied June 28, 1915.

## Statement of the Case.

Action by Carrie E. Dracass, plaintiff, against City of Chicago, defendant, to recover damages for personal injuries received from a fall on the sidewalk on Sixty-first street in Chicago. The verdict was for $6,750, reduced by remittitur to $5,750, for which amount·judgment was entered. From this judgment, defendant appeals.

Plaintiff charges that at the place of the accident the Sixty-first street sidewalk passes under a railroad viaduct, and that defendant permitted a depression to be and remain in the sidewalk at this point, and permitted large quantities of snow and ice to accumulate in and around said depression, making it dangerous for persons using the sidewalk, and that she was thereby caused to fall, receiving injuries. Many witnesses testified that the walk was sunken and water would accumulate in the sunken place and freeze, making hummocks of ice, some say four or five inches high. One witness described the place as "full of holes and bumps eight to twelve inches in height."

JOHN W. BECKWITH and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

RYAN & CONDON and GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1013*—*when liable for injury to pedestrian by ice on sidewalk.* In an action against a city to recover for personal injuries caused by falling on the sidewalk, evidence that there was a depression at the point where plaintiff fell in which water was allowed to accumulate and freeze, making hummocks of ice, and that snow was also allowed to accumulate there, is sufficient to warrant a finding that defendant was guilty of negligence.

2. MUNICIPAL CORPORATIONS, § 1063*—*when pedestrian using icy sidewalk not guilty of contributory negligence.* In an action against a city to recover for injuries caused by falling on a sidewalk, the evidence showed that there was a depression at that point in which hummocks of ice had been allowed to accumulate; that there had been a fall of snow on the morning of the accident which somewhat covered the ice; that plaintiff was, at the time of the accident, walking slowly and carefully, choosing her way; that the snow covered the depression into which she stepped and her foot went down into it at least five or six inches. *Held*, that the evidence was not sufficient to show contributory negligence on her part.

3. MUNICIPAL CORPORATIONS, § 1025*—*when city charged with knowledge of dangerous sidewalk.* A city is charged with knowledge of the condition of a sidewalk in which, for a length of time, a depression has existed and in which ice and snow have been allowed to accumulate.

4. MUNICIPAL CORPORATIONS, § 1013*—*when city liable for dangerous condition of sidewalk.* Where an injury is caused by slipping on ice which had accumulated in a depression in the sidewalk and had been covered that morning by a fall of snow, the proximate causes of the injury were the depression and the ice, and the city cannot relieve itself from liability on the ground that it did not know and could not have known of the presence of the snow.

5. MUNICIPAL CORPORATIONS, § 1227*—*when objection for failure to allege notice to city of injury must be raised.* In an action against a city for personal injuries caused by falling on a sidewalk, an objection that the declaration contains no allegation of notice to the city is no avail when made after verdict.

6. DAMAGES, § 124*—*when verdict not excessive.* In an action for personal injuries where the evidence shows that plaintiff re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ceived a fracture of the tibia and fibula, with dislocation and tearing of the ankle ligaments, and other injuries, that for several months she was obliged to use a wheel chair, then crutches, and at the time of the trial, nine years after the accident, was obliged to use a cane in walking, that she suffered great pain and was permanently injured, a verdict for $6,750 is not excessive.

---

### Clarence B. Shaffner, Appellant, v. M. L. Greenwald, Appellee.

### Gen. No. 20,909.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed June 10, 1915.

### Statement of the Case.

Replevin by Clarence B. Schaffner, plaintiff, against M. L. Greenwald, defendant, to recover an automobile. The jury found the right of possession in the defendant and a writ of *retorno* issued. From this judgment, plaintiff appeals.

The facts disclosed are as follows: That plaintiff was a clerk employed in the office of his father, Benjamin M. Shaffner; that prior to May 1, 1912, plaintiff owned the automobile in question, which he had sent to a repairing company for overhauling; that this work was not paid for and the repairing company secured a judgment for $102.75 against plaintiff, and levied upon and took possession of the automobile. Some time before this, at the request of Benjamin M. Shaffner, the plaintiff and the defendant, Greenwald, indorsed his note for the sum of $250, which note was then discounted by a man named Ensign. Ensign finally sued on the note and had