No. 11,596.

City and County of Denver *v.* Willson.

Decided March 7, 1927.    Rehearing denied March 28, 1927.

Action for damages.    Judgment for plaintiff.

*Affirmed.*

1. Appeal and Error—*Instruction—Judgment—Presumption.* On review, no objections appearing to instructions, it will be presumed that the law of the case was properly given to the jury, and a judgment is presumed to be right until the contrary is affirmatively shown.

2. Evidence—*Effect.* A party may not question evidence elicited from his own witness.

3. Personal Injuries—*Contributory Negligence.* In an action for damages for injuries resulting from a fall on an icy sidewalk, the mere fact that plaintiff knew the condition of the sidewalk at the time she was walking upon it, does not of itself constitute contributory negligence.

4. APPEAL AND ERROR—*Sufficiency of Evidence.* In an action for damages resulting from a fall upon an icy sidewalk, evidence reviewed and held sufficient to justify the submission of the case to the jury.

5. MUNICIPAL CORPORATIONS—*Sidewalks—Personal Injuries.* Ordinarily, the fact that ice on a sidewalk is merely in a slippery condition—unless so uneven as to likely cause stumbling—does not constitute such negligence on the part of the municipality as to make it liable for damages resulting from a fall thereon.

6. *Sidewalks—Personal Injuries.* Primarily a municipal corporation is not liable for injuries sustained by a pedestrian upon one of its sidewalks because of a defect therein brought about by the action of a third party. Its liability is secondary and arises, if at all, only after it has had a reasonable length of time after acquiring knowledge of the defect, to remove it, and does not do so, and this knowledge may be either actual or constructive.

7. PERSONAL INJURIES—*Municipal Corporations—Sidewalks—Evidence.* If a person falls upon an icy sidewalk and is injured, it is a reasonable inference, unless there is some testimony to the contrary, that it was the presence of the ice that caused the fall.

8. MUNICIPAL CORPORATIONS—*Sidewalks—Personal Injuries.* In an action for damages resulting from a fall upon an icy sidewalk, if the presence of freshly fallen snow on the walk was the sole proximate cause of the injury, and if the city had not had sufficient time after the snow fell to remove it before the accident, it would not be liable.

9. *Personal Injuries—Sidewalks—Ice and Snow.* In an action for damages resulting from a fall on an icy sidewalk, it is held under the facts disclosed, that the sole proximate cause of the injury was the presence of ice on the sidewalk which had been there for more than ten days before the accident, and the mere fact that freshly fallen snow might have contributed to the injury, did not relieve the negligent city.

10. *Personal Injuries—Sidewalks.* Under the great weight of authority, there is a distinction between the liability of a municipality for personal injuries resulting from a fall on a sidewalk when the condition of the sidewalk causing the injury is due to artificial, and when it is brought about by natural, causes.

11. NEGLIGENCE—*Jury Question.* In an action for damages against a municipal corporation for injuries resulting from a fall on an icy sidewalk, the questions of negligence of the city, and contributory negligence of the plaintiff, held for the jury.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. Henry E. May, Mr. E. V. Holland, Mr. Richard T. Wilson, for plaintiff in error.

Mr. Rees D. Rees, Mr. C. E. Wampler, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

In her action against the City and County of Denver, plaintiff, Mrs. Willson, recovered a judgment as damages in the sum of $4,750 for physical injuries sustained by her as a result of a fall upon a sidewalk within the municipality in the southern residential district. The defendant relies for a reversal upon two grounds only: (1) That the plaintiff's own testimony shows that she was guilty of contributory negligence. (2) That the evidence as a whole establishes that the defendant was not guilty of negligence. No objection to, or criticism is made of, any ruling upon evidence, or of the instructions given by the court or to the refusal of instructions asked for by the defendant. We enter upon the discussion, therefore, on the assumption that the law of the case was properly given to the jury, and that the judgment is presumed to be right till the contrary is affirmatively shown. Although it was not necessary, we have, for our own satisfaction, read the instructions. If some of them might be, though we do not say they are, subject to criticism that they are abstract statements of the law applicable to personal injury cases, and not sufficiently specific or definite to be of full benefit to the jury in its labors, the defendant is not in a position to urge any such objection.

The complaint charges, and the evidence as a whole tends to prove, that on the forenoon of January 9, 1922, the plaintiff, while walking along the sidewalk within the city of Denver in going from her residence to a downtown restaurant in which she was working as a waitress, slipped and fell on a thin layer of ice that covered the sidewalk, which ice did not come there from natural causes but was produced and allowed to be formed by the outpouring of water from a downspout or drainpipe leading from a house erected and maintained by Mrs. Gordon, owner of the adjacent premises, which ice had become glassy and slippery and in a condition rendering it dangerous for pedestrians to travel or walk over, and which the defendant city permitted to remain in such dangerous condition for a period of ten days or more prior to the accident, the existence whereof the defendant well knew, or by the exercise of reasonable care should have known, in time to remedy the same, but which it negligently and carelessly failed to do. As the result of this fall plaintiff sustained a fracture of the bones of the left foot and left leg below the knee and a dislocation of her left ankle, the tissues of her left leg were torn and bruised and her spine and kidneys injured, which injuries are of a permanent character and render her unable to perform her usual vocation, as a waitress, as efficiently as she could prior to the injury. There was testimony tending to show that for a number of years preceding the injury this method of conducting from the roof of the Gordon house the waters from rains and melting snow had prevailed, and in the winter season oftentimes the waters thus precipitated upon the sidewalk would collect and freeze covering the entire sidewalk. The plaintiff had not walked over this sidewalk for about a week preceding the accident but in passing upon the adjacent street in her automobile she saw that it was covered with ice, and was so covered at the time of the accident. On the morning of the accident snow began to fall and about two inches had fallen at the time plaintiff was passing along the walk, so

that the ice was not visible to her at the time she fell. When she reached the place in the sidewalk where the water coursed in its passage from the Gordon house through the drainpipe, plaintiff slipped and fell on the ice and received the injuries as above stated. Her testimony is to the effect that she was proceeding with that degree of care and caution which was commensurate with the dangerous condition of the walk with ice and snow upon it. Plaintiff testified specifically, and she was corroborated by other witnesses, that this icy condition of the walk had existed for ten days or more before the injury. There is testimony by Mr. Gordon, in part corroborated by another witness, that the night before the day of the accident, Mr. Gordon removed all of the accumulation of ice that was there at that time, but the jury evidently did not believe it. That there was on this sidewalk the night before ice at the same spot where plaintiff fell the next morning is beyond dispute. Indeed, the defendant city cannot be heard to question it, for it elicited from its own witness Gordon that there was ice there at that time and that he then cleared the walk of all of it. There is no impeaching or qualifying testimony that during that night, and before the time plaintiff fell the next morning, water flowed through the drainpipe after Gordon's alleged work or removal of the old accumulation, or that any new ice was formed there during the night. Plaintiff testifies that she fell on the ice that was on the sidewalk at that place. If she fell upon an icy sidewalk it was for the jury to say, from the conflicting testimony, whether or not there was ice on the walk and when it formed there and whether it was the cause of the fall. The record, therefore, shows that while the evidence was in conflict, a case was made by the plaintiff which entitled her to go to the jury upon it. The defendant, however, strenuously insists, in the language of her assignments, that the case as made by plaintiff herself makes legally impossible a judgment in her favor, not only because she was guilty of negligence that contributed

directly to her injuries, but also because the defendant was entirely free from blame. These objections in their order.

1. In view of the evidence above summarized we are not impressed with the contention of the defendant that the plaintiff's evidence showed her guilty of contributory negligence. The court correctly instructed the jury as to the duty of the plaintiff to exercise ordinary care and in view of the increased danger from snow and ice on the sidewalk that this circumstance imposed upon her an increased degree of care in proportion to the increased danger. The mere fact that the plaintiff knew of the condition of the sidewalk at the time she was walking upon it does not of itself constitute negligence on her part that contributed to her injury. She had a right to use the sidewalk as a pedestrian. There is no evidence that the adjacent highway would have been at the time any safer for her.

The defendant cites and relies upon *City of Victor v. Carbis,* 59 Colo. 92, 147 Pac. 331, and *Colorado Springs v. Phillips,* 76 Colo. 257, 230 Pac. 617, for its contention that the plaintiff was guilty of contributory negligence. In the Carbis case the facts are essentially dissimilar. The plaintiff there was suffering from a fracture of the kneecap and while pushing and hastening down a sidewalk in the city of Victor to mingle in a crowd gathered to witness a prospective street fight, on which his mind was centered, and there being a violent storm of sleet at the time and the plaintiff not having any rubbers on his feet or shoes, and being indifferent to his own personal safety and welfare and heedless of the warning by his physician of the danger of refracture, stepped on double folding doors in the sidewalk, with the existence of which he was thoroughly familiar, having on previous occasions avoided them as unsafe, slipped and fell refracturing the kneecap. The mere statement of the case shows how different that situation was from the one before us. It might be said that Carbis was not only guilty

of negligence that contributed to his injury, but that his own negligence was the sole cause thereof. The Phillips case is not in point. The sidewalk there was composed of concrete blocks ninety inches in width. The transverse edge of the middle block projected above the general level about two inches. In broad daylight the plaintiff, who had walked over the sidewalk every day for thirteen months at least and knew of the defect and had a safe way around it on either side or on the adjacent earth, stumbled over this projection and was injured. We held that it was the duty of plaintiff to use the safe way instead of the dangerous way, but there is no such situation here. The entire sidewalk here was covered with thin ice over which was a blanket of snow to the depth of two inches. There was no safe way on any part of it, nor was it shown that the street was safer. Enough we think has been said to show that the case as made by the plaintiff required its submission to the jury.

2. Ordinarily the fact that ice on a sidewalk is merely in a slippery condition, unless there is a bunch or projection or a pile of it that makes the walk uneven, and likely, in its very nature, to cause stumbling, does not constitute such negligence on the part of a municipality as to make it liable. But it should be remembered that the accumulation of ice upon this sidewalk for a number of years, and, as alleged, at the time of this accident, resulted not from natural causes, but from an artificial cause due to the drainage of water from the adjacent premises through a drainpipe and that the city had never taken any steps whatever, so far as the record shows, to remedy or prevent this condition. Primarily a municipality is not liable for injuries suffered by a pedestrian upon one of its sidewalks because of a defect therein brought about by the action of a third party. Its liability is secondary and arises, if at all, only after it has had a reasonable length of time, after acquiring knowledge of the defect, to remove the same. This knowledge may be either actual or constructive. There was testimony here

which the jury evidently believed that the identical ice on the sidewalk on which the plaintiff slipped and fell was there for ten days or more, and as a result of an artificial cause, and the city had, or by the exercise of reasonable diligence, should have had knowledge thereof, after the accumulation, to have removed it before this accident occurred.

But it is said that there is no evidence as to what was the cause of the injury, whether it was a layer of ice on the sidewalk, or the snow that covered the ice, and that the plaintiff herself merely testified that she fell on the ice and fell opposite the drainpipe. Defendant seeks to make the point that as this is the only testimony showing how the plaintiff was injured the mere fact that she fell on the ice has no tendency to show that the presence of the ice there caused the fall. We think this is hypercritical. If she fell on the ice it is a reasonable inference, unless there is some testimony to the contrary, that it was the presence of the ice there that caused her to slip and fall.

It is further urged that the weakened arches of the plaintiff's feet may have been the cause of her slipping. That was for the jury to determine. Plaintiff testified that her weakened arches did not trouble her in the morning, but only at night after she had been on her feet all day at her work at the restaurant and that she had free use of her legs in walking at this time.

There are cases holding that a municipality is not liable for injuries sustained by pedestrians slipping upon snow on a sidewalk, which collects and remains there in its natural state, or by slipping on an icy sidewalk which is level and smooth, and that it is immaterial where the snow and water forming the ice and snow came from. That doctrine may have been sound in the particular cases where the decision was rendered but we do not think it is applicable to the facts of this case. *Roberts v. Village of Buhl*, 160 Minn. 398, 200 N. W. 354; *Studer v. City of St. Joseph* (Mo. App.) 185 S. W. 1196; *Nichols*

v. *Village of Buhl,* 152 Minn. 494, 193 N. W. 28; *Suttmoeller v. City of St. Louis* (Mo. Sup.) 230 S. W. 67; *Beane v. City of St. Joseph,* 215 Mo. App. 554, 256 S. W. 1093. These cited cases are authority for the proposition that the city of Denver, in the circumstances disclosed by this record, in permitting this downspout or drainpipe to remain in such condition that it would cast water upon the sidewalk that would naturally freeze in cold weather, may be guilty of negligence. Some of the cases even go to the extent and say that this constitutes a nuisance and a failure of the municipality to abate the same is of itself negligence. Wood on Nuisances, sec. 110 and cases there cited; *Bleistine v. City of Chelsea,* 204 Mass. 105, 90 N. E. 526; *Magaha v. Mayor, etc.,* 95 Md. 62, 51 Atl. 832, 93 Am. St. Rep. 317; *City of Muncie v. Hey,* 164 Ind. 570, 74 N. E. 250.

It is further said that the defendant is not liable here because the defect on the sidewalk, the ice under the snow, was not, at least it is not clear that it was, the sole cause of the injury. Learned counsel say further that the evidence leaves it uncertain whether it was the ice or snow that constituted the defect. If the presence of snow overlying the ice was the sole proximate cause, the city says, and rightly so, it is not liable because it had not sufficient time after the snowfall to remove the same. McQuillan on Municipal Corporations, section 2845, cites with approval *Graham v. City of Poughkeepsie,* 68 N. Y. App. Div. 262, 74 N. Y. S. 97, which says: "Where two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in a highway and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have resulted but for such defect." In *Dracass v. City of Chicago,* 193 Ill. App. 75, the court said that where an injury is caused by slipping on ice which had accumulated in a depression on a sidewalk and had been covered that morning by a fall of snow, the proximate causes of the

injury were the depression in the sidewalk and the ice, and the city cannot relieve itself from liability on the ground that it did not know and could not have known of the presence of the snow. That case is quite pertinent to the facts of this case. In *Frechette v. City of New Haven,* 104 Conn. 83, 132 Atl. 467, the ice on the sidewalk was covered with freshly fallen snow. The defendant argued that where two causes concurred to produce plaintiff's injury resulting from a defective sidewalk, the municipality was not liable because of its inability to remove the fallen snow, but the court said the jury might have reasonably found that the freshly fallen snow was not a contributing cause of the injury, but that the icy condition of the sidewalk was the sole proximate cause and, therefore, the claim of two concurring causes producing the injury would disappear, and the court added, what is quite to the point here, that the same conclusion would be reached if the freshly fallen snow is regarded as a contributing cause of the fall. We might further say that we think the testimony here shows that the sole proximate cause of the injury was the presence of this ice on the sidewalk which had been there for more than ten days before the injury, but, if not, the mere fact that the freshly fallen snow might have contributed to the injury does not relieve the negligent city. See also 28 Cyc. p. 1372, et seq.

We think the great weight of authority is that there is a distinction between the liability of a municipality when the condition of the sidewalk is due to artificial rather than natural causes, especially as to the notice or knowledge of the city.

In conclusion we say that in the absence of any claim or assertion that the jury acted from passion or prejudice, we cannot say that this judgment must be set aside upon either of the grounds relied upon. The question as to the negligence of the city and the contributory negligence of the plaintiff were for the jury. There is not even any suggestion that the court committed error in its

instructions. We have not commented upon all of the interesting legal questions ably presented by counsel for the city since, in our view their resolution, even if in the city's favor, would not work a reversal of the judgment. No prejudicial error appearing, the judgment must be, and it is, affirmed.