No. 13,470.

CITY AND COUNTY OF DENVER *v.* BRUBAKER.
(51 P. [2d] 352)

Decided October 21, 1935.

Mr. JAMES D. PARRIOTT, Mr. FREDERICK P. CRANSTON, Mr. KARL C. BRAUNS, for plaintiff in error.

Mr. John A. Carroll, Mr. Thomas J. Morrissey, Mr. John F. Mueller, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

Verdict and judgment went against the City and County of Denver in favor of Mrs. Brubaker, the plaintiff, for damages on account of negligence. The city seeks a reversal.

The complaint alleged that on the morning of December 17, 1930, the plaintiff was walking on the public sidewalk along Eighteenth avenue between Sherman and Grant streets in Denver; that without any fault on her part she slipped, fell and was injured because of the snow and ice which had been allowed by the city to form and remain on the sidewalk for a considerable period of time before the fall; that the snow and ice rendered it dangerous for pedestrians to travel or walk thereover. It was further alleged that the city knew, or should have known, of this sidewalk condition in time to have remedied it by the exercise of reasonable care.

The city's answer denied the negligence alleged, and charged the plaintiff with contributory negligence.

As to both facts and law the case at bar strongly resembles the case of *Denver v. Willson,* 81 Colo. 134, 254 Pac. 153, which is referred to by both sides. In that case and in this an icy accumulation appears to have been due to a down spout or drain pipe discharging water upon the sidewalk so that freezing resulted in a more or less permanent deposit above the normal surface.

The alleged errors relied upon here for reversal are, (1) the refusal of the trial court to permit the city to introduce in evidence a certain ordinance relative to the cleaning of snow from sidewalks, and (2) the admission of evidence to the effect that other persons than the plaintiff fell on the same icy sidewalk.

1. The ordinance which the city formally offered in evidence and which was rejected by the trial court is section 1746 of the Denver Municipal Code, 1927, which reads as follows: "The owners or agents or occupants of houses, warehouses, stores or tenements and grounds belonging thereto or occupied by them shall keep the sidewalks and gutters in front of and adjoining such property clean, and after any fall of snow shall cause the same to be immediately removed from the sidewalk and gutters fronting their respective lots or parts of lots into the carriage way of the street." Punishment by fine is provided for violations. When making the offer, counsel did so by stating: "The defendant offers to prove, and tenders proof that the ordinances of the City and County of Denver, Sections 326, and further by Sections 1746 to 1750, to which your Honor's attention is called, that the liability is upon the property owner to clean off the snow, and the City and County of Denver is entitled to reasonable time after the snow falls within which the property owner should remove the snow, that for that reason the City and County of Denver may wait a reasonable time, and that the time from the time of the fall of the snow until the accident happened was a reasonable time, and a time within which the city could rely upon the property owner doing the duty required by ordinance. This tender refers not only to snow but also to the removal of ice."

The offer was manifestly insufficient to bring the case within the authorities cited by counsel for the city, and was properly rejected. In and of itself the ordinance certainly has no logical bearing upon the alleged negligence of the city. The section quoted merely creates a duty and liability owned by one who owns, occupies, or is agent for, the property. Inasmuch as the city is the sole defendant, the provision has no relevancy here. The question raised by the city, as to what constitutes a reasonable time for the city to see that a sidewalk is cleared, is in no way regulated thereby. The proper

answer to this question depends upon evidence of the facts and circumstances surrounding the whole transaction, and upon the principles which the law applies to that evidence. To these principles the trial court devoted a number of detailed and comprehensive instructions, none of which is objected to by the city. No complaint is made that the city was unduly or at all restricted in presenting evidence of the facts and circumstances, or in meeting the evidence of the plaintiff. The city neither introduced nor offered any evidence that might supplement, amplify or explain the rejected ordinance, which therefore could serve no purpose and is properly out of the case.

It follows that the refusal to admit the ordinance under the conditions disclosed in this case was not error.

2. The second contention advanced by the city is based upon the plaintiff's introduction of evidence concerning the slipping and falling of several other persons in the place where the plaintiff fell. At first blush, the argument seems to have merit, but a brief consideration will show its fallacy. Incidentally, we note that this evidence came almost casually. It went into no details, and we are convinced that no prejudice could have resulted from it, even if it had not been admissible. But we think it was properly admitted.

Unquestionably it is a general rule that evidence of similar but disconnected incidents is irrelevant and immaterial on the issue of whether plaintiff is entitled to recover because of a defendant's negligence. Many different factors may enter into an individual case. To argue that one or more independent but similar instances, possibly tending to establish negligence, imply negligence in a pending case would violate a salutary principle of proof. This is not the situation here. In the case at bar the situation cannot be described in such general terms. Examining the evidence complained of, we find that, according to the testimony adduced, from five to eight other persons slipped and fell at the very

point where the plaintiff is shown to have slipped and fallen, and that these occurrences were immediately prior to the plaintiff's injury, namely, within the period of three-quarters of an hour before. The repeated slipping within that time—too short to make a substantial change of condition at all likely—had a direct bearing on the issue by indicating an unusual situation which was dangerous. Standing by itself, such evidence would of course have been insufficient to make out even a prima facie case of negligence against the city. It is not evidence of negligence as such. In a case like the present, however, the city must be proved to have received either actual or constructive notice. Here constructive notice is alone involved. That sort of notice is almost always based, in such cases as this, upon the continued existence of a dangerous condition. For that purpose the evidence constituted a legitimate part of the whole. The jury could not have been misled by the admission of this evidence. The instructions given to the jury fully covered the point we have just discussed. They seem to have been fair and correct, and bind both parties, the city having abandoned its assignment of error in connection with the only instruction to which it originally objected. The trial court was careful in presenting the city's theory of the case.

The rule applicable to this case is correctly stated by Mr. Justice Bailey in *Griffith v. Denver*, 55 Colo. 37, 132 Pac. 57, where the opinion says (at page 39 [Pac. page 58]) : "To give any probative force to the fact that others had fallen on the walk prior to the accident in question, it must have been first shown that these independent happenings occurred under substantially like circumstances and conditions, both as to the walk and the persons who fell upon it, as did the one over which this contest is waged." In that case the city admitted receiving notice, and therefore the decision was against the admissibility of the evidence. In the present case the question of constructive notice was directly involved.

The circumstances and conditions were shown to be identical. The sidewalk condition was unchanged, the time being limited to forty-five minutes before the plaintiff lost her footing. The other persons suffering falls were all travelers along the sidewalk in the same manner as the plaintiff, and they slipped where she slipped.

See, also: *Colo. Mortgage & Inv. Co. v. Rees,* 21 Colo. 435, 42 Pac. 42; *Meeker v. Fairfield,* 25 Colo. App. 187, 136 Pac. 471.

No error was committed by admitting the evidence in question.

Neither of the two contentions of the city being tenable, the judgment of the district court must be affirmed.

Judgment affirmed.

MR. JUSTICE CAMPBELL, MR. JUSTICE BURKE and MR. JUSTICE HOLLAND dissent.

MR. JUSTICE CAMPBELL, dissenting.

This action by plaintiff Elizabeth Brubaker against the defendant, the City and County of Denver, a municipal corporation, has for its object the recovery of a money judgment against the city for injuries which she sustained while walking on the southerly side of Eighteenth avenue between Sherman and Grant streets in the city of Denver, which sidewalk at the time, as she says, was in a dangerous condition for pedestrians to walk upon. The plaintiff alleges that, without any fault on her part, she slipped and fell upon the snow and ice which had been allowed to remain over and upon the sidewalk for a considerable period of time prior to the time she fell, the result of which fall caused her serious injuries for which she seeks damages against the city for its alleged negligence in thus permiting the snow and ice to remain there. The city in its answer denied any negligence on its part. On the issues thus joined and upon the evidence taken the jury found for the

plaintiff and awarded her damages in the sum of $5,000, to review which judgment this writ of error was sued out.

The evidence is more or less conflicting. That produced by the plaintiff tends to show that accumulation of ice and snow on the sidewalk where plaintiff slipped and fell caused the injury which was suffered from the fall thereon. Evidence for the defendant tends to show that the city is not liable for reasons which will presently be stated. If there was no error in the instructions to the jury and in the admission of evidence harmful to the defendant, the judgment should be affirmed. I think, however, that the trial court in some of its instructions to the jury, and in failing to give appropriate instructions asked by the defendant, committed error prejudicial to the city, for which the judgment should be reversed.

That snow and ice were on this sidewalk when plaintiff fell is not denied. How long it had been there when she fell the evidence does not disclose. The city may not be held liable to a pedestrian who slips and falls on a sidewalk on which ice and snow have accumulated, unless, among other things, the city suffers or permits such accumulation to remain there for an unreasonable length of time in a condition which is unsafe and dangerous to pedestrians to walk upon the same. Plaintiff fell on this walk about 8 o'clock in the morning. There is no evidence that the city or its officers knew, or by the exercise of reasonable diligence could have acquired knowledge, of this accumulation before plaintiff fell. If, however, it be conceded that the evidence introduced by plaintiff tends to establish that it was prima facie negligence of the city not to remove the snow and ice before she fell on the sidewalk, the judgment must be set aside because of erroneous instructions to the jury that were prejudicial to the defendant city and in rulings upon objections to evidence by the defendant. These in their order.

*Denver v. Willson*, 81 Colo. 134, 254 Pac. 153, was a

case in which the plaintiff Willson sued the city to recover damages resulting from a fall on an icy sidewalk in the city. We held, among other things, that if the presence of freshly fallen snow was—and such is the claim in the instant case—the sole proximate cause of the injury, and if the city had not had sufficient time after the snow fell to remove it before the accident, it would not be liable. In that case, however, the fact was that the sole proximate cause of the injury was the presence of ice on the sidewalk which had been there for more than ten days before the accident and the mere fact that freshly fallen snow might have contributed to the injury did not relieve the negligent city. For aught that appears in the record now before us, the snow that was on the sidewalk fell and the ice thereon formed for the first time only a short time before, or about the hour of 8 o'clock when plaintiff was walking thereon.

There is a distinction between the liability of a municipality when the condition of a sidewalk is due to artificial rather than to natural causes, especially as to the notice or knowledge of the city. Although the snow upon this sidewalk fell and the ice formed thereon some time before 8 o'clock in the morning, the evidence does not show how long before the accident. There is no evidence at all that the city authorities knew of their presence on the walk, or that they had been there for a length of time sufficient for the city to have taken steps to effect their removal. The city had no actual knowledge of the existence of the ice and snow on this walk. In the Willson case it was said that there is a distinction between the liability of a municipality for personal injury resulting from a fall on a sidewalk when the condition of the walk causing an injury is due to artificial, and when it is brought about by natural, causes. Plaintiff's injury from her fall on the sidewalk was due to a natural cause, the presence of ice and snow thereon. Since it was not shown that the ice and snow on which

plaintiff slipped and fell had been there for any considerable period of time before the morning she was walking thereon, it would seem that the city is not liable, for it did not have sufficient time after the snow fell and before the accident to clear the walk. But if I am in error as to the assertion that defendant may not under the evidence be properly chargeable with notice of the dangerous condition of this sidewalk, still this judgment ought to be set aside as above indicated, because the trial court failed or refused properly and fully to instruct the jury in the following particulars.

The trial court, over objection of the defendant city, admitted evidence by plaintiff of other accidents at or about the same time at the place on the sidewalk where plaintiff fell. It was admitted upon the theory then advanced by plaintiff because of its alleged tendency to show the existence of the defect or other dangerous condition of the sidewalk, and also as tending to show notice to the city of the defective condition of the place.

In the answer brief of plaintiff's counsel a different explanation or theory is announced for they now say that the admission of this evidence was not competent to show negligence of the city in not sooner removing the ice and snow from the sidewalk, but only to show an existing condition of an inanimate object—a sidewalk, with regard to safety. And, therefore, they say this question of evidence was competent for that purpose alone, hence, the trial court was not in error in permitting its introduction for that purpose without at the same time instructing the jury so to consider it only for a proper purpose. Taking counsel's explanation, therefore, as justification for the admission of this evidence, I say that plaintiff thus virtually admits that, over defendant's objection, she was permitted to introduce evidence some of which was competent only on the issue of negligence in permitting ice and snow to remain on the sidewalk, and some of which had no bearing thereon at all. If

counsel are correct in this statement, it necessarily follows that it was error for the trial court to admit such inconsistent bits of evidence, without explaining to the jury in some way, and there was no explanation at all, to what particular issue the apparently inconsistent part of the evidence was appropriate. The jury must have been mystified or misled by such statements. It is no answer to say that the jury was the only tribunal to pass upon the weight and sufficiency of the evidence. That is true generally speaking. But the observation has no application or bearing upon such a general charge to a jury, some of which is pertinent to one issue involved and not pertinent to any other issue, without explaining to the jury to what particular issue the evidence is directed and to what issue it is not pertinent.

I say, therefore, that because of such errors of the trial court properly and fully to charge the jury on controverted issues of fact, the judgment should be reversed.

Mr. Justice Holland concurs in this dissenting opinion.