[No. 4286.]

## GARBANATI v. THE CITY OF DURANGO.

**Contributory Negligence—Evidence—Findings.**

In an action against a city for injuries received by falling from a defective sidewalk, where the evidence showed that the sidewalk where the injury occurred was elevated three or four feet above the ground; that a rail which had been placed to prevent persons from falling off was down; that plaintiff was an old man and his eyesight very much impaired; that he knew of the condition of the sidewalk; that the accident occurred at night when it was quite dark; that when he approached the place where the rail was down he walked slowly and felt about with his cane very carefully for the purpose of definitely locating the walk; but notwithstanding these precautions fell; a finding by the trial court that plaintiff was guilty of contributory negligence will not be disturbed by the appellate court.

*Error to the County Court of La Plata County.*

Mr. H. GARBANATI, for plaintiff in error.

Mr. N. C. MILLER, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Plaintiff in error brought an action to recover damages from the city for injuries suffered through its alleged negligence. A trial to the court resulted in a judgment for the city. The plaintiff brings the case here for review on error.

From the argument of counsel and the record before us, it appears the court based its judgment upon the ground that plaintiff was guilty of contributory negligence. This is the important question to determine. The injuries which plaintiff sustained were caused by falling from a sidewalk which was elevated some three or four feet above the ground immediately adjoining. His own testimony was to the effect that a rail which had been placed by the city in order to

prevent persons from falling off the walk, was down; that he knew of its absence; that the accident occurred at night, when it was quite dark; that when he approached the place where the rail was down, he commenced walking slowly, and felt about with his cane very carefully, for the purpose of definitely locating the walk, but, notwithstanding these precautions, fell off. It appears from the testimony that he is quite advanced in years, and that his eyesight is very much impaired. These statements are undisputed, and conceding that they are not of a character from which the only conclusion which could be logically deduced is that the plaintiff was guilty of negligence, but for which the injury would not have been sustained, they at least disclose facts and circumstances from which different intelligent minds might honestly draw different conclusions on this subject.

When a person travels along a sidewalk which he knows to be dangerous, he cannot recover for injuries sustained resulting from defects of which he had knowledge, unless he exercises care commensurate with the danger about to be encountered, and his ability to cope with it. The precautions which an ordinarily prudent person in the full possession of his physical faculties would take to avoid danger would be wholly insufficient to protect one from the same danger whose physical faculties were impaired. A city is required to exercise reasonable diligence in keeping its sidewalks in reasonably good repair, but it is not required to keep them in that condition which will insure all persons from injury under all circumstances. Persons using such walks are bound to exercise reasonable care upon their part to avoid injury from known defects. Tested by these considerations, the plaintiff cannot successfully complain of the finding of the trial-court on the subject of contributory negligence. The degree of care which

plaintiff used when he reached the place of danger is not the only test which must be applied in determining his negligence. His eyesight was defective; the night was dark; he knew of the danger, and realized that he was unable to avoid it by the exercise of his sense of sight; and yet, in the face of these conditions he chose to take the risk of passing over a walk which to one with defective eyesight was certainly dangerous, without any precautions to prevent the results which followed, further than the exercise of his own faculties. Upon these facts and circumstances, a finding can readily be predicated that plaintiff failed to exercise those precautions which reasonably prudent persons confronted with the same danger and laboring under the same difficulty of contending with it, would have exercised in the same circumstances, and that his negligence in this respect was the cause of his injury; in short, that the failure of plaintiff, in the face of conditions· which he knew were present, to exercise that degree of care and caution which ordinarily prudent persons would have exercised in the same circumstances, was the proximate cause of his injury. *City of Denver v. Hubbard*, 29 Colo., 529; 69 Pac., 508; *Highlands v. Raine*, 23 Colo., 295; *Harris v. Uebelhoer*, 75 N. Y., 169; *Pittman v. City of El Reno*, 46 Pac., 495; Elliott on Roads and Streets (2nd ed.), § 636; *Ham v. Lewiston*, 47 At. Rep., 548.

The trial judge, in determining these questions, has performed the function of a jury, and his findings on these issues are as binding upon us as a verdict of a jury would be where the same issues were involved.

Objection is made to the judgment of the court because, it is claimed, the finding on the subject of contributory negligence was not based upon the testimony, but "upon the consensus of authorities." This

claim is without merit. The judgment generally was for the defendant. No provision of the code is cited which requires the court to make a special finding on this issue; but even if it were, the finding was made. The court merely refers to "the consensus of authorities" as supporting its finding, from the testimony, that the plaintiff was guilty of contributory negligence.

Other objections are urged which, however, are of no moment, in view of the fact that the judgment of the county court must be affirmed for the reasons already given.     *Judgment affirmed.*