No. 13,225.

Beck v. City and County of Denver.
(32 P. [2d] 261)

Decided April 23, 1934.

Mr. Louis Wagner, for plaintiff in error.

Mr. James D. Parriott, Mr. Frederick P. Cranston, Mr. Karl C. Brauns, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and are hereinafter referred to as Mrs. Beck and the city respectively.

Mrs. Beck sued the city for $12,500 for injuries caused by a defective sidewalk. On a verdict for the city judgment was entered, to review which this writ is prosecuted. The sole contention here is that the uncontradicted evidence shows negligence per se. We state the substance of the evidence most favorable to the city, since if that supports the verdict an affirmance must follow.

Mrs. Beck, accompanied by her husband, was walking along the path in question about 9:00 p. m. It was poorly lighted. There were a number of nails protruding a short distance from the surface of the planking. On one of these, which stood up about three-quarters of an inch, she stubbed her toe and fell. At the time she was about five months pregnant. She was assisted to her feet, walked a short distance, sat down and rested, then walked to her home a block away. About four days later she went to a hospital where she had a miscarriage. She had had several others years before. Her eyesight was not good. Her husband passed over this walk almost daily. She had done so at least twice before. Her teeth were in very bad condition at the time. All of the upper teeth and several of the lower were "snags." When pressure was applied to the gums pus would ooze. From this cause the stomach was deranged. Aside from the miscarriage there was no permanent injury. In her condition at the time, said a physician, "it would be very difficult for her to carry a child." On the question of care she testified: "Q. Did you see any nails there then? A. I paid no attention. Q. You were not thinking where you were going and were not looking at the walk in front of you? A. I was not paying any attention."

The city denied negligence and pleaded contributory negligence. The instructions are not questioned and are not set out. No reply brief was filed.

Not every defect in a sidewalk is actionable. 43 C. J., p. 1010, §1793; *Denver v. Burrows*, 76 Colo. 17,

48

227 Pac. 840; *City of Pueblo v. Smith,* 57 Colo. 500, 143 Pac. 281. Where the danger is increased, or the person injured is physically impaired, the care he is in duty bound to exercise increases correspondingly. *City of Victor v. Carbis,* 59 Colo. 92, 147 Pac. 331; *Garbanati v. City of Durango,* 30 Colo. 358, 70 Pac. 686.

Ordinarily contributory negligence is a question of fact for the jury. *Denver v. Willson,* 81 Colo. 134, 143, 254 Pac. 153.

This jury may have concluded that Mrs. Beck, in view of the insufficient light and her own physical condition, was guilty of contributory negligence. The evidence supports that finding. Hence the verdict must stand.

The jury may have concluded that the miscarriage was not caused by the fall. The evidence supports that finding. Hence the verdict must stand. As to this it is contended that the testimony of the physician, the witness for the city quoted above and on whose statement it rests, contradicted it as follows: "Q. Assuming that before and at the time of this accident that Mrs. Beck was in good condition of health * * * would you say * * * this miscarriage was the result of the fall or not? A. We would assume it did have an effect." But the same witness had just testified that Mrs. Beck was not in good health.

Clearly the issues here were for the jury and we find no reversible error.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland concur.