## No. 13,192.

Denver Tramway Corporation *v.* Kuttner.

(35 P. [2d] 852)

Decided July 23, 1934.

Mr. W. A. ALEXANDER, Mr. CECIL M. DRAPER, Mr. GERALD HUGHES, for plaintiff in error.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

IN the district court the defendant in error Julia Kuttner as plaintiff recovered a judgment of $2,250 as damages against the plaintiff in error Denver Tramway Corporation as defendant, for personal injuries alleged to have been caused by its negligence. The corporation asks us for a reversal.

About noon on June 8, 1931, the plaintiff was standing in the safety zone on the southwesterly side of the defendant corporation's street-car tracks near the intersection of Sixteenth and Curtis streets in the city of Denver. Homeward bound, she was waiting for one of the defendant's cars. Another car, preceding the one she expected to take, stopped at the safety zone where she stood. It started to go up Sixteenth street and its front wheel trucks accordingly proceeded straight forward, but, for some unknown reason, apparent to neither the plaintiff nor the motorman or anybody else, the rear trucks moved upon the switch that turns cars from Sixteenth street into Curtis street. This movement brought the rear portion of the car near the plaintiff and wedged her against an automobile which was moving forward on Curtis street in its proper lane between the safety zone and the curb. The injuries were due to the pressure consequent upon the aforesaid wedging and to the rolling and twisting of the plaintiff's body between the two vehicles.

█ The assignments of error are grouped by counsel for the defendant corporation so as to present the contentions: (1) That the court erred in failing to grant a nonsuit and a directed verdict; (2) that the court erred in admitting the testimony of a witness concerning a conversation which he testified he had with the defendant's claim agent; (3) that the damages awarded by the jury are excessive; (4) that the court erred in admitting certain evidence; (5) that the court erred in giving a certain instruction; and (6) that the court erred in refusing to give certain instructions tendered by the defendant. All assignments of error not covered by these six contentions are, of course, waived.

█ 1. The argument that the court erred in refusing to grant a nonsuit and a directed verdict is based upon the claim that there was no evidence of negligence. The complaint charged the defendant with negligence: "(a) In operating its said street car without due control thereof; (b) in operating the said street car upon defective street car tracks; (c) in operating the said street car without due regard for the condition of switches or turnouts in such manner that the rear trucks of said street car turned while the car was being moved in a forward direction, thereby causing the rear end of said street car to be projected out and into the safety zone." The plaintiff introduced no evidence to establish affirmatively that the defendant was negligent in any of the respects mentioned. It is difficult to see how the plaintiff could have done so. If it was incumbent upon her to do that, undoubtedly the motion for a nonsuit and the motion for a directed verdict were both good and entitled to be sustained. Counsel for defendant say that the doctrine of res ipsa loquitur does not apply to the case at bar. Counsel for plaintiff insist that it does. Certain it is that if it does not the plaintiff's case must fall. We shall therefore try to determine who is right.

In Colorado the happening of an accident does not ordinarily raise a presumption of negligence. An appar-

ent exception to this rule occurs in those cases where the doctrine of res ipsa loquitur is properly invoked. Thus if, as here, an apparatus such as an electrically driven street car is wholly under the control of its owner, and if, while the latter applies or operates it, there is an accident which cannot be accounted for by any affirmative evidence reasonably within reach of the one injured thereby, a presumption of negligence is indulged to constitute a prima facie case of liability. This is done on the theory that the physical situation discloses such a deviation from the normal basis, in relation to either operation or condition of apparatus, as calls for explanation from him who has the apparatus in his keeping, because, under the particular circumstances, there is a legitimate inference of negligence. The resulting doctrine, "the thing itself speaks," is the creature of stern necessity for the sake of guarding against a miscarriage of justice that in a negligence case might follow because of the mere secrecy or invisibility of danger concerning which the outsider could know nothing. It is a doctrine that must be kept within comparatively narrow limits, lest a desire to promote justice bring about the defeat of justice instead. Where such an exceptional method was not absolutely necessary, because the direct evidence of a defendant was affirmatively adduced by a plaintiff, this court refused to permit its application. *Clune v. Mercereau,* 89 Colo. 227, 1 P. (2d) 101. Compare; *Yellow Cab Co. v. Hodgson,* 91 Colo. 365, 14 P. (2d) 1081. On the other hand, this court has not hesitated to employ the doctrine when necessary in the interests of justice. *Colorado Springs Co. v. Reese,* 69 Colo. 1, 169 Pac. 572.

In the present case we think the doctrine of res ipsa loquitur properly applies. The fact that a plaintiff was not an actual, but merely a prospective, passenger— or no passenger at all—makes no difference. Compare: *Mercer v. Omaha & C. B. Street Ry. Co.,* 108 Neb. 532, 188 N. W. 296. This being so, it devolved upon the defendant to supply evidence explaining the accident, if it

could, in a way that would overcome the presumption of negligence. The question whether the evidence so supplied would be sufficiently credible and convincing to destroy the adverse presumption was one for the jury. The first of the six contentions must therefore be overruled.

2. The witness Robert E. Hall testified to a conversation he claimed to have had with defendant's claim agent on the evening of the day when the accident happened. The evidence was offered on "the theory * * * that it is an admission against interest," and, over objection, it was received. According to this testimony the claim agent stated among other things "that the car had split the switch, * * * he had looked it up, * * * and he said it was their fault." The claim agent was not an eyewitness to the transaction, nor is he shown to have had any authority to speak for the defendant corporation to one a total stranger to him and to the transaction. What might have been the result if the alleged declaration had been made by the claim agent to the plaintiff herself we need not discuss. It is conceivable that what is said during an actual negotiation, between one injured and an agent authorized to make a settlement, is under certain circumstances admissible as a declaration against interest. Compare: *Washington-Virginia Ry. Co. v. Deahl*, 126 Va. 141, 100 S. E. 840. But, aside from any question of the authority of a claim agent, the latter's statements of opinion to a stranger cannot be given such an effect. Under no exception to the hearsay rule was Hall's testimony, as given in this case relative to the claim agent's alleged declaration, entitled to be received; it obviously was not competent evidence of an "admission against interest." Inasmuch as this incompetent evidence may well have been given considerable weight by the jury, the error must be regarded as prejudicial and the judgment reversed on this ground.

3. Since the judgment must be reversed, the verdict itself is automatically set aside. For this reason it is not

necessary to determine whether that verdict was excessive.

 4. As for evidence alleged to have been erroneously admitted, this comprises evidence (a) of payment by plaintiff of certain sums for nursing care and attention, (b) of the cost of medical attention, past, present and future, (c) of her having, at the time of her accident, a profession involving the work of stenographer, accountant and office employee. To all these items of evidence it was objected that they were in support of special damages, the argument being that they were not specially pleaded in the complaint and therefore their reception was error. We think that they naturally fall within the paragraphs numbered VI and VII and were proper. These paragraphs read: ''VI. By reason of the aforesaid injuries, plaintiff is informed and believes, and upon such information and belief alleges, that she will be unable to follow any gainful occupation for which she is suited, during the remainder of her life. VII. That plaintiff has been required to expend large sums of money in attempting to alleviate her pains and to effect a cure, and will be required to expend further large sums of money for medical care and treatment.'' Moreover, on defendant's motion, the plaintiff filed a verified bill of particulars. In addition to the above objection, counsel says that the items of nursing care and attention improperly included the cost of food and lodging. This seems to be true. In the event of another trial, care should be taken to exclude all erroneous charges.

 5. The following instruction, given by the court, is assailed as erroneous: ''You are instructed that it was the duty of the plaintiff in this case to use all ordinary care and make all ordinary reasonable exertions to render the injury received as light as possible. If, by her neglect or wilfulness she allowed the damages to be unnecessarily enhanced, the increased loss, that which was reasonably avoidable by her, must be excluded, if you should find for the plaintiff. *Plaintiff in this case, how-*

*ever, was not required to do anything unreasonable or which would seriously embarrass her financially or otherwise."*

The part objected to is the last sentence, which we have above italicized. This evidently was taken from the opinion in *Northern Colorado Irr. Co. v. Pouppirt,* 22 Colo. App. 563, 573, 127 Pac. 125, 128. The practice of building up instructions by quoting verbatim from detached parts of the arguments found in court opinions is not always to be commended, for often the context is necessary to qualify language that otherwise would seem too broad. Probably in the present instance there was no prejudicial error; but, in the event of another trial, special care should be taken to avoid the danger just mentioned.

6. In regard to the instructions tendered by defendant and refused by the court, we need not consider them in detail. It is sufficient to say, in view of the necessity of reversing the judgment herein, that what we have said will dispose of most of the contentions represented by those instructions. Should the case be retried, counsel will prepare their instructions in the light of our expressions herein.

The trial court also refused to require the jury to answer certain special interrogatories submitted by defendant's counsel. This was a matter within the sound discretion of the court, and no abuse of that discretion is shown. Hence the refusal must be deemed proper.

For the prejudicial error in admitting evidence of the witness Hall's alleged conversation with defendant's claim agent, discussed under "2" above, the judgment is reversed and the case remanded for a new trial in harmony with this opinion.

Judgment reversed.

Mr. JUSTICE BUTLER, sitting for Mr. CHIEF JUSTICE ADAMS, and Mr. JUSTICE HILLIARD concur.