No. 14,120.

HOOKER *v.* ROUTT REALTY COMPANY.
(76 P. [2d] 431)

Decided January 24, 1938. Rehearing denied February 14, 1938.

Messrs. VAN CISE, ROBINSON & CHARLTON, Mr. JOHN L. KIVLAN, of counsel, for plaintiff in error.

Messrs. McComb & Green, Mr. Walter E. Schwed, Mr. Mark H. Harrington, Mr. H. Shields Mason, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Action for damages for $60,000 for personal injuries alleged to have been suffered by plaintiff as a result of falling into a cement stairway on premises of defendant. To a judgment of nonsuit entered at the close of plaintiff's testimony, she assigns error. The parties will be designated as they appeared in the court below.

The accident happened on the night of December 27, 1934, about 9:30 p. m., when plaintiff was attempting to make a social call on a sick friend, James Stephens, living at the Haddon Hall Hotel, located at 618 14th street, in the city of Denver. The hotel faces on 14th street, extending a half block thereon from Welton street to the alley between Welton and California streets. Behind the hotel, facing on Welton, are several terraces, and, between the rear of the terraces and the rear of the hotel, there is a cement-surfaced court about eighteen feet wide and eighty-six feet long, ingress to which from Welton street is through a passageway about four feet wide at the rear of the hotel, between the hotel and the terraces facing on Welton. The ingress to the court from the alley is about twenty feet wide. The terraces on Welton street, with their back doors opening onto the court, were occupied by small stores, and all were owned by the defendant realty company, which also owned the hotel. The property had been built about twenty-five years and the various tenants, and such part of the public as had occasion to transact business with any of them, used the ways of ingress above described.

In the northeastern corner of the large court, adjoining the hotel wall, was the cement stairway in question.

10

There was no railing around it, but only a four inch ridge of cement. The stairway led to the basement of the hotel and was not used by the public, nor was there any entrance other than this to the hotel from the court. Just a few feet from the stairway pit, directly in plaintiff's course, was an iron-covered coal dump and two large blocks of cement, the larger one being two feet square and one and seven-tenths feet high, the smaller about half that size. The room in the hotel in which Stephens was sitting was on the first floor and directly over the stairway on the ell formed by this part of the hotel. Plaintiff had called on Stephens several times before, but always had used the main entrance of the hotel on 14th street. On the rear wall of the hotel, at the entrance to a small passageway, was a sign reading: "A. Spetnagel Tin Shop. Rear 1335," with a finger pointing down the way by which the plaintiff entered the court. In some places the passageway is less than three feet wide due to abutting casements and a bay window.

On the night in question, plaintiff, while walking on Welton street, paused when she came to the passageway and looked toward Stephen's room which was lighted. She saw him sitting by the window, and, it occurring to her that she had a message for him, she walked through the passageway directly to his window. Apparently not seeing the stairway, she fell into it, suffering a fracture of the skull and other serious injuries which left her crippled for life.

The defendant had been advised of the danger of leaving the stairway open, but had done nothing about it. Plaintiff's theory of recovery is that the defendant knowingly, carelessly and negligently kept and maintained said stairway in such a manner that he was liable for damages to anyone injured because of it. To establish such liability, it is incumbent upon her to show that defendant owed her a legal duty in the capacity in which she was acting at the time she was injured.

It is clear that if she were a trespasser or mere licensee she cannot recover, because as such she would take the premises as she found them. To trespassers, a landowner owes only the duty of not injuring them by any affirmative act after becoming aware of their presence. *Gotch v. K. & B. Packing & P. Co.*, 93 Colo. 276, 278, 25 P. (2d) 719.

Was plaintiff then an invitee, express or implied? It will be conceded that, on the occasions that she visited Stephens before, she was an express invitee, as a proper visitor to one of the guests of the hotel, entering the main lobby from the street and going on through the hall into Stephens's room. There is no doubt had she been injured because of some known defect within the hotel on those occasions that liability would attach. In such instances the mutuality of interest making her an invitee would be present.

But here she does not qualify even as an implied invitee. Because she happened to be in the court where a portion of the public was free to go as tenants of the defendant, or customers of those tenants, in itself, does not indicate any invitation to her in the capacity she was there.

It was 9:30 at night. None of the business establishments in the court was open, and she had no business to transact with any one who might be using the court at that time of the night. She urges that the invitation to the tin shop was an invitation to her, as a part of the public. However, there is no contention that she was looking for the tin shop, because if she had been, she would have turned to the left when she came out of the passageway. We say this because the only evidence of a public use of the court was to that effect. When she departed from the path used by those having occasion to go into the court she became at best a licensee. Engineer Prouty testified that the area surrounding the stairway, the coal dump and cement blocks, was covered with dirt, while the rest of the concrete in the court was un-

12

covered indicating definitely that she was not using "the beaten path" or "the public way" which might have made her an implied invitee.

Plaintiff urges that the trial court erred in holding that she was guilty of contributory negligence as a matter of law; that the rule in this jurisdiction is that contributory negligence is for the jury. Ordinarily this is true, but we have held otherwise in cases of this kind. The facts are not disputed, and they are as recited by palintiff and her witnesses. Under such circumstances we held in *Dilley v. Primos Chemical Co.*, 64 Colo. 361, 365, 171 Pac. 1146: "The facts are not in dispute and plaintiff's contributory negligence is evident and unquestionable. In such case the court may declare the fact established as a matter of law. *Colo. Central R. R. Co. v. Holmes*, supra [5 Colo. 197]. Where it affirmatively appears from the plaintiff's own evidence that the want of due prudence on his part was the proximate cause of the injury complained of, it becomes the duty of the court, upon a motion made for nonsuit, to decide, as a question òf law, that the action cannot be maintained. *Behrens v. K. P. Ry. Co.*, 5 Colo. 400. · Or, the court may in such case direct a verdict for the defendant. *Guldager v. Rockwell*, 14 Colo. 459, 24 Pac. 556." With pardon for being repetitious, we quote from the trial court's finding on this point: "It seems to me that on the very face of this situation, at nine-thirty on a dark night, for a person who desired to communicate with someone in a hotel —in this case the Haddon Hall Hotel—with the approach through the hotel office and lobby, known as safe and proper method of approach, in mind, to step, especially in this locality down town, on Welton street between Thirteenth and Fourteenth, into a dark, dingy areaway with which one was unfamiliar, with all the dangers that would come to the mind of any prudent person entering any such place at that time of night, when it was dark, would show evidence of contributory negligence and a lack of that care, caution, and prudence that an ordi-

narily careful and prudent person would use. I have grave doubts, even with urgent necessity, whether any of us in this room would deliberately walk into a place of that kind, not only from the dangers that might be inherent in the passage itself, but other elements of danger we all know about—the danger of meeting people in there that might injure us; the danger from those pits into the basement windows under the hotel; the danger from colliding with that abutting bay window; the danger of stumbling and possibly injuring ourselves over that big block of cement." We think this finding represents a fair analysis of the evidence, and establishes contributory negligence as a matter of law.

Plaintiff does not dispute the above as being the rule in this jurisdiction, but says that it is an inheritance of feudal times and that we should adopt the new rule as announced in section 335 of the Restatement of the Law of Torts, which reads as follows:

"A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area thereof, is subject to liability for bodily harm caused to them by an artificial condition thereon, if

"(a) the condition

    (i) is one which the possessor has created or maintains and

    (ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and

    (iii) is of such a nature that he has reason to believe that such trespassers will not discover it and

"(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved therein."

The only answer we need make to this contention is to quote from the comment immediately following said section: "The rule stated in this section relates *only* to

14

the conditions under which a possessor of land is subject to liability to constant trespassers upon a limited area thereof for harm caused to them by a *highly dangerous artificial condition* created or maintained by him upon the land." (Italics are ours.) Example given is of an uninsulated high voltage wire. The same section continues: "The possessor is entitled to assume that trespassers will realize that no preparation has been made for their reception and will, therefore, be on the alert to observe the conditions which exist upon the land." This latter is equivalent to a statement that the trespasser must not be guilty of contributory negligence.

We conclude, therefore, that even under the authority upon which plaintiff herein ultimately relies, she failed to establish any liability on the part of the defendant, and much as we deplore this unfortunate accident, the judgment must be, and is hereby, affirmed.

MR. JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND dissent.