No. 16,264.

OREBAUGH *v.* PEOPLE IN THE INTEREST OF
KAREN KAY OREBAUGH.
(209 P. [2d] 922)

Decided August 29, 1949.

Mr. JOHN W. ELWELL, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. RAYMOND B. DANKS, Assistant, for the people.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

KAREN KAY OREBAUGH, the infant daughter of Sylvia Lou Orebaugh, was, under a jury verdict and judgment of the county court of Pueblo county, found to be a "dependent and neglected child," and the mother seeks a reversal of the judgment by writ of error.

The record discloses that on April 16, 1949, there was filed in the county court of Pueblo county a "Petition in

Dependency" in which it was alleged, inter alia, that Karen Kay Orebaugh was about ten months old and is a "dependent child or is a neglected child" because "it has not proper parental care or guardianship" and "its environment is such as to warrant the State in the interests of said child in assuming or determining its guardianship, or in determining what may be for its best interest" and "a controversy exists about its custody of such a nature as to warrant the State in the interest of said child in assuming or determining its guardianship or in determining what may be for its best interest."

The answer, filed by the infant's mother, may be considered as a general denial, and in addition thereto there was an affirmative plea of "res adjudicata" by reason of a habeas corpus proceeding in the district court between the mother and petitioner in the dependency action wherein the custody of the infant was awarded to its mother.

The evidence is conflicting. There was competent evidence before the jury to justify it in finding that the infant, while in its mother's custody, did not have proper parental care; that its environment was not conducive to its well-being, and was such as to warrant the state, in the interest of the infant, in assuming or determining its guardianship. Further reference to the evidence will be neither helpful nor necessary; suffice it to say that the jury by its verdict found that the infant was a dependent and neglected child as defined in section 1, chapter 33, '35 C.S.A.

There are eight specifications of points, the first five of which are confined solely to the refusal of the court to instruct the jury as requested. The next two specify error in the admission of evidence, and the last alleges error in the refusal of the trial court to direct a verdict. There is no specification concerning the plea of res judicata; nevertheless we have considered the same, and if it had been presented and urged, it would be unavailing here.

■ The court gave the jury eight instructions, to none of which was any objection interposed. A careful reading and consideration of these instructions prompts the statement that in the instant case they fairly and accurately stated all the law necessary for the jury's consideration in arriving at its verdict. The tendered instructions, which the trial court refused to give, were built up by adopting language from decisions of this and other courts of last resort, and reframed in an attempt to make them applicable to the present litigation. Some of them were argumentative, but the general principles set out in all of them were correctly enunciated in the instructions given by the court. No error was committed in refusing to give any of the tendered instructions. We have heretofore condemned the practice of building up instructions from detached arguments in decisions. *Denver Tramway Corp. v. Kuttner,* 95 Colo. 312, 35 P. (2d) 852.

Specifications of points with reference to the admission of evidence, as well as the sufficiency of the evidence to support the verdict and judgment, have been examined and are found to be without merit.

The judgment is affirmed.

MR. JUSTICE JACKSON and MR. JUSTICE HAYS concur.